[No. 9612. Department Two. October 24, 1911.]

HENRY MOHR et al., *Appellants*, v. PIERCE COUNTY et al., *Respondents*.[1]

HIGHWAYS—ABANDONMENT—VACATION BY NONUSER — STATUTES — CONSTRUCTION—EFFECT OF AMENDMENT. Bal. Code, § 3803, providing that any county road that has been or may hereafter be authorized which remains unopened for public use for five years is hereby vacated, cannot, since the date of the act of 1909 (Rem. & Bal. Code, § 5673) adding a proviso to that effect, have any application to streets dedicated in town plats (withdrawn on rehearing).

HIGHWAYS — ABANDONMENT — EVIDENCE — SUFFICIENCY. A street dedicated in a town plat was not abandoned by five years' nonuser, under Bal. Code, § 3803, where it appears that it was cleared up, graded, and opened for public use in 1890, and was open for public use until 1908, when it was obstructed by defendant.

APPEAL — REVIEW — FINDINGS. Findings on conflicting evidence will not be disturbed on appeal where the evidence does not so preponderate on one side or the other as to warrant interference.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered October 24, 1910, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to enjoin the opening of a roadway for public use. Affirmed.

*C. M. Riddell* and *Robert M. Davis*, for appellants.

*J. L. McMurray* and *F. G. Remann*, for respondents.

[1]Reported in 118 Pac. 321; 119 Pac. 747.

CHADWICK, J.——On the 20th day of February, 1890, the then owners of a tract of land bordering on Lake Steilacoom platted it, and filed the plat with the county auditor of Pierce county. The property was designated as Lake Steilacoom Park, and was subdivided into blocks, intersected by streets, alleys, and boulevards. A boulevard known as Lake Boulevard was laid out so that, as it appears on the plat, it is between the land of the appellants and other lands owned by them bordering on the shores of the lake. In the summer of 1890, considerable work was done on the property in the way of clearing out the underbrush, blowing out stumps, and beautifying the tract, and the testimony offered on behalf of the respondents tends to show that a passable roadway was made upon this boulevard. In 1908 the present owners put a fence across the boulevard, and the county commissioners of Pierce county having threatened to tear down this fence, appellants brought this action, praying for an order perpetually enjoining them from interfering with their property rights. From an order denying the relief prayed for, this appeal is prosecuted.

It is the contention of appellants that the boulevard was never opened to the public use, and for that reason the case falls within the provisions of Bal. Code, § 3803, which reads as follows:

"Any county road or part thereof, which has heretofore been, or may hereafter be authorized, which remains unopened for public use for the space of five years after the order is made or authority granted for opening the same, shall be, and the same is hereby vacated, and the authority for building the same barred by lapse of time."

And to further sustain themselves, appellants cite and rely upon the case of *Murphy v. King County*, 45 Wash. 587, 88 Pac. 1115. It is unnecessary to review the evidence offered on behalf of the appellants, for, as we find the law to be at the present time, the judgment of the lower court must be affirmed. However convincing the showing and argu-

ment of appellants may have otherwise been, the case is controlled by chapter 90, Laws 1909, page 188 (which seems not to have been noticed by court or counsel), wherein § 3803 is amended by the addition of the following proviso:

"Provided, however, that the provisions of this section shall not apply to any highway, street, alley, or other public place dedicated as such in any plat, whether the land included in said plat be within or without the limits of any incorporated city or town, nor to any land conveyed by deed to the state or to any town, city or county for roads, streets, alleys or other public places." Rem. & Bal. Code, § 5673.

It will thus be seen that the nonuser statute has no application to the case at bar, and the boulevard having been formally dedicated to the public, it must remain open until vacated by a proper statutory proceeding.

Judgment affirmed.

DUNBAR, C. J., ELLIS, MORRIS, and CROW, JJ., concur.

## ON PETITION FOR REHEARING.

[Decided December 20, 1911.]

PER CURIAM.—A rehearing is asked in this case. It is said:

"The court apparently bases its decision that the appellants are not now entitled to maintain this action because of an amendment to the previous law, which amendment was passed in 1909, and which amendment is: 'Provided, however, that the provision of this section was not applied to any highway, street, alley, or other public place dedicated as such in any plat whether the land included in said plat be within or without the limits of any incorporated city or town, nor to any lands conveyed by deed to the state or to any town, city or county, for roads, streets, alleys, and other public places.' We apprehend that this court did not intend to say, as it apparently does say in its opinion, that the legislature by act of 1909 had authority to take away from our clients the title to any lands whatsoever. If we had any rights in that land they existed long prior to the legislative act of 1909, and they are to be determined not

by the law as it stood in 1909 but as it was at the time we got the title to this land, which was in 1895."

Because of the public importance of the question, and the conception on the part of appellants that we have misapplied the statute, we have decided to withdraw that part of our opinion which rests upon the statute of 1909, reserving our judgment until such time as the construction of the statute is necessarily before us. But this conclusion does not work a reversal or warrant a rehearing. The reference to the 1909 statute in our former opinion may have been inadvertent. It was unnecessary in any event. It was predicated upon the assumption that there was no title in appellants.

The evidence in this case is conflicting. Upon the whole case, the trial judge found that, in the year 1890, the street now claimed by appellants was cleared up, graded, and opened for public use, and that a large sum of money was expended thereon; that the road was dedicated to Pierce county, and that it was open for public use, and used by the public from the spring of 1890 until closed by plaintiffs, who constructed a fence across the road in the year 1908; and further that plaintiffs had no right, title, or interest in and to the street or public highway known as Lake Boulevard, which at the time of the trial was declared by the trial court to be a legally established highway of Pierce county; that the obstructions erected thereon by plaintiffs were maintained without any right, and that they should be enjoined from further obstructing said boulevard. There is evidence to sustain these findings. The court below believed the witnesses of the respondents and rejected the testimony offered by the appellants. The evidence does not so preponderate one way or the other as to warrant our interference. In such cases, it has been the uniform practice of this court to follow the judgment of the trial court.

Rehearing denied, and judgment affirmed.