[No. 10632.    Department Two.    March 20, 1913.]

W. D. Cheney *et al.*, *Respondents*, v. King County *et al.*, *Appellants*.[1]

Highways—Vacation — By Abandonment — Opening for Public Use—What Constitutes. Rem. & Bal. Code, § 5673, providing that if any county road remains unopened for public travel for five years after the authority for opening the same is granted, it shall become vacated, applies to a dedicated street in the plat of an unincorporated town under the supervision and control of the county commissioners; and such a street is not "opened for public travel" by the fact that at the time the land was platted a footpath followed the general course of the platted way and was used for some time after the making and dedication of the plat until it was closed up.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered January 3, 1912, upon findings in favor of the plaintiffs, in an action for an injunction. Affirmed.

[1]Reported in 130 Pac. 893.

*John F. Murphy* and *M. H. Ingersoll* (*Aubrey Levy*, of counsel), for appellants.

*Brightman & Tennant*, for respondents.

FULLERTON, J.—On August 4, 1890, Joseph W. Range and wife, being then the owners of certain land situated in the body of King county, state of Washington, and without the limits of any incorporated city or town, platted the same into blocks, lots, streets and alleys as a townsite, filing for record with the county auditor a plat thereof on August 6, 1890. A street twelve feet in width is shown on the recorded plat as lying between blocks one and two. This twelve-foot way does not parallel the other streets shown on the plat, but runs diagonal thereto, following approximately the general direction of the shore line of Lake Washington, on which the platted land borders. Some five or six years prior to the commencement of the present action, the respondents acquired by mesne conveyances from the dedicators of the plat a tract described by metes and bounds which included practically all of the north half of block two, all that part of the north half of block one lying above the "high water line of Lake Washington," and all of the twelve-foot way lying between these parts of blocks one and two. Shortly after purchasing the property, the respondents began improving the same, and at the time of the present action had highly improved the property, fitting it up as a country home at a cost of many thousands of dollars. In September, 1911, the appellants, who are county officers of King county, Washington, conceived the twelve-foot way to be a public highway, and threatened to enter upon the respondent's enclosure and open the way to public travel. This action was thereupon begun to enjoin them from so doing. The respondents had judgment below, and this appeal followed.

The statute relating to the vacation of highways by nonuser (Rem. & Bal. Code, § 5673), provides that if any county road, or part thereof, which remains unopened for

public use for a space of five years after the authority for opening the same is granted, shall become vacated, and the right to open it barred by lapse of time. In *Murphy v. King County*, 45 Wash. 587, 88 Pac. 1115, we held that this provision of the statute applied to platted streets in unincorporated towns which are under the supervision and control of boards of county commissioners. The sole question presented by this record is, therefore, was this way opened for public travel within five years after the dedication of the plat.

The evidence fails to show any formal opening of the way by the road supervisor or any other of the corporate authorities of King county. At the time the land was platted, there were foot paths along the lake shore which followed the general course of the platted way. These paths were undoubtedly used for some time after the making and dedication of the plat, and to some degree at least down to the time the respondent purchased the property in question and erected his enclosures, but the evidence convinces us that there never was any opening of the way to the public or any travel upon it as a public way, or any travel at all, except such as occurred incidentally by the following of the old paths. This was clearly insufficient to constitute an opening of the way such as the statute contemplates, and since more than five years elapsed between the time of the dedication of the way and the time the attempt to open it was made by the present county officers, the right to open it is barred by lapse of time.

The appellants cite cases to the effect that a highway will not be deemed abandoned merely because the travel on some part of it diverts in places from the platted or marked out way. But we may concede the authority of the principle announced in these cases without denying the conclusion we have reached on the question at issue. These cases have reference to actually opened ways in which the travel, because of some natural obstructions, has deviated from the

laid out way. But in the case at bar, as we say, the way was neither formally opened for travel, nor was it ever traveled, except, as incidental to the fact that it was laid out in part over an existing traveled way.

The judgment is affirmed.

MOUNT, MAIN, MORRIS, and ELLIS, JJ., concur.