[No. 30599. Department One. March 3, 1949.]

W. J. BURKHARD, *Appellant*, v. FRED S. BOWEN *et al.,*
*Respondents.*[1]

*William Lee Parr,* for appellant.

*Bigelow & Manier,* for respondents.

JEFFERS, C. J.—This action was instituted by W. J. Burk-
hard, as the owner of lots 1, 2, 3, 4, 5, 9, 10, 11, and 12, block
29, Phoenix Park addition to Olympia, against Fred S.
Bowen and Bella Bowen, his wife, Holger E. Jensen and
Nola Jensen, his wife, and the city of Olympia, to quiet title
to a part of a fifteen foot alley running easterly and westerly
through block 29. Defendants Fred S. Bowen and wife were
the only defendants who filed a formal appearance in the
case, so far as the record before us shows. These defendants

[1]Reported in 203 P. (2d) 361.

appeared by amended answer and cross-complaint, in which they admitted all the allegations of the complaint, except the following allegations of paragraph No. 8, which they denied:

"That from the five years after 1890 this alley was overgrown with trees and dense underbrush and that said alley was never opened for use by the county within five years after the year 1890 and that said alley was never opened prior to 1909 and in fact has never been opened as an alley for the use of the public and at the present time said alley is closed."

By their cross-complaint, these answering defendants alleged that, irrespective of the rights of the general public or plaintiff, they claim, and at all times have claimed, that they have a right to use such alley for the purpose of access to their property; and that, regardless of the rights or the loss of rights of the general public, they, as owners of their property, have a private right to use the alley and any part thereof which may be necessary for the purpose of such access.

These defendants prayed that the action of plaintiff be dismissed, and that they have judgment for their costs and disbursements, and for such other relief as the court may deem meet and proper in the premises.

The matter came on for hearing before the court on November 5, 1947, and thereafter certain witnesses were sworn and testified, and certain exhibits were introduced.

There is no dispute as to the material facts in this case, as we view them. On October 19, 1943, plaintiff acquired from Rudolph Johnson (who acquired title as Rudolph Jensen) and Mary Johnson, his wife, title to lots 1, 2, 3, 4, 9, 10, 11, and 12, in block 29, Phoenix Park addition, according to the plat thereof recorded in volume 30 of Plats, on page 49, records of Thurston county, under and by virtue of a warranty deed. On March 28, 1944, plaintiff acquired from Rudolph Jensen, Jr., and Wilda L. Jensen, his wife, title to lot 5, block 29, Phoenix Park addition, according to the plat thereof recorded in volume 30 of Plats, page 49.

Defendants Bowen are the owners of lots 7 and 8, block 29, Phoenix Park addition, according to the recorded plat of Phoenix Park addition, having acquired their property in 1922. Lots 1, 2, 3, 4, and 5 are shown on the recorded plat as being on the north side of a fifteen-foot alley, which, as stated, runs easterly and westerly through block 29. Lots 9, 10, 11, and 12 are on the south side of such alley, and lots 7 and 8, owned by defendants, are immediately to the east of lot 9 and also on the south side of the alley.

Phoenix Park addition to Olympia was dedicated and a plat thereof filed in the auditor's office in Thurston county, on April 4, 1889. This addition, at the time it was platted, was outside the limits of the city of Olympia, and continued to remain outside the city limits until March 18, 1930. The evidence is undisputed that, for more than twenty years after April 4, 1889, or until about 1910, no clearing or improvement of any kind was made upon block 29 of this addition, and the land remained either in forest or dense undergrowth. Sometime during the year 1910, lots 1, 2, 3, 4, 9, 10, 11, and 12 came into the possession of a family named Jensen, apparently sometimes written Johnson; and this family, as shown by the testimony of Rudolph Johnson, began to clear the property shortly after having purchased same, and about the year 1912 built a house upon the property. Shortly after the house was built, a fence was erected, entirely enclosing the lots last above mentioned. At the time they built the house, they also built a shed, which shed extended out into the alley. The Jensens at that time used a portion of the alley for a driveway, which extended from their west boundary to the shed and was used by the Jensens for access to and from their property. Later on, probably about 1920, the Jensens converted the shed into a garage, and the driveway was then used as access to the garage.

It further appears that the portion of the alley which lies between the lots then owned by the Jensens and now owned by plaintiff was the only portion of the alley in block 29 which was ever opened or ever used, that being the portion of the alley between lots 1, 2, 3, and 4 on the north, and 9, 10, 11, and 12 on the south. It does not appear that the

driveway was ever used by the public, but has only been used by plaintiff and his predecessors in interest for their convenience in delivering and having delivered goods to parties in possession. It does not appear that that part of the alley to the north of lots 7 and 8, now owned by defendants Bowen, has ever been opened to use at any time or for any purpose.

The court made, among others, the following findings of fact:

"XII. That the defendants, Fred S. Bowen and wife, have at all times claimed the right to use the alley for the purpose of access to their property even though the same was not used by the public, and that when they acquired title to their property, the said property being described by numbered lots in the numbered blocks, they took title with full confidence that the streets and alleys as platted existed for the use and benefit of the various property owners within said block and addition, and depended upon the fact that they were so platted and would be made available for their use when the same was required.

"XIII. That the plaintiff, when he acquired title to the property hereinbefore described, took and accepted the same with the full knowledge that the same was platted property and that there existed streets and alleys as shown upon the plat, and that such streets, and in particular the alley in dispute, was platted across his property in an easterly and westerly direction, and that the various property owners within the said block had a private right to the use of the said alley irrespective of the rights of the general public."

The court concluded:

"(1) That the alley in dispute in said block 29 of Phoenix Park addition was not opened and used by the public within the period of five (5) years from the date of dedication and therefore the public lost the right to use the said alley and the plaintiff is entitled to judgment against the city of Olympia as prayed for in the complaint.

"(2) That the plaintiff is estopped from claiming as against the defendants, Fred S. Bowen and wife, that the alley has been vacated so far as their private right to use it is concerned, and the said defendants, Fred S. Bowen and wife are entitled to a judgment against the plaintiff denying the prayer of the complaint, and affirming in the said de-

fendants the right to use the said alley and each and every part thereof, for their private and ordinary use and purposes for which the alley was dedicated.

"(3) That the defendants, Fred S. Bowen and wife are entitled to recover their costs herein against the plaintiff."

On February 16, 1948, the court made and entered the following judgment:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

"(1) That the plaintiff be and he is hereby granted judgment against the city of Olympia decreeing that the right of the public to the use of the alley in block 29 of Phoenix Park addition to Olympia, Thurston county, Washington, is lost because of the failure to open the same for public use within the time required by the statute.

"(2) That the defendants, Fred S. Bowen and Bella Bowen, husband and wife, be and they are hereby granted judgment against the plaintiff dismissing his action herein so far as their right to use the said alley in said block 29 of Phoenix Park addition to Olympia, Thurston county, Washington, for private purposes is concerned, and affirming in them the right to the use of the said alley for all ordinary and reasonable private use thereof.

"(3) That the defendants, Fred S. Bowen and Bella Bowen, husband and wife, be and they are hereby granted judgment against the plaintiff for their costs and disbursements in this action."

Plaintiff has appealed from the judgment entered, and makes the following assignment of error:

"That the court erred in holding that the alley in controversy was automatically vacated as a matter of law except as to the respondents Bowen, who are entitled to use the alley in question because of being a co-grantee of property in a plat wherein the alley in question was dedicated, for the reason that, if the said respondents Bowen ever had any private easement or right to the use of said property in question as a co-grantee, it has long since been lost by the adverse possession of appellant and his predecessors in interest."

The judgment is undoubtedly based upon the rule announced in the case of *Van Buren v. Trumbull,* 92 Wash. 691, 159 Pac. 891, L. R. A. 1917A, 1120, to which we shall later refer.

The legislature of this state in 1890 passed the following act:

"Any county road, or part thereof, which has heretofore been or may hereafter be authorized, which remains unopened for public use for the space of five years after the order is made or authority granted for opening the same, shall be and the same is hereby vacated, and the authority for building the same barred by lapse of time." Laws of 1889-90, chapter XIX, § 32, p. 603.

The above statute remained in full force and effect until 1909, when the following proviso was added:

"*Provided, however,* That the provisions of this section shall not apply to any highway, street, alley or other public place dedicated as such in any plat, whether the land included in said plat be within or without the limits of any incorporated city or town, nor to any land conveyed by deed to the state or to any town, city or county for roads, streets, alleys or other public places." Laws of 1909, chapter 90, § 1, p. 189.

We held in *Murphy v. King County,* 45 Wash. 587, 592, 88 Pac. 1115, that § 32 of the Laws of 1890 applied to streets in dedicated plats outside the limits of an incorporated city or town as it did to county roads. The opinion just referred to was rendered in 1907.

We stated in *Howell v. King County,* 16 Wn. (2d) 557, 558, 134 P. (2d) 80, 150 A. L. R. 640:

"In 1907, this court held that streets dedicated in platted tracts of land outside of cities and towns came within the purview of the statute (§ 32, chapter XIX, Laws of 1890, p. 603)."

█ The first question presented is whether or not § 32, *supra,* is also applicable to *alleys* in a dedicated plat outside of any incorporated city or town, where such alley or alleys remain unopened for public use for five years after dedication, which constituted the authority for opening the same. *Howell v. King County, supra.*

We find no case directly passing upon the question of whether or not the act of 1890 applies to alleys as well as streets. We are of the opinion that, based upon the defini-

tion of the word alley, and our decisions, it is just as logical to hold that an alley comes within the purview of § 32 as to hold the section applicable to streets.

We find the following definition of an alley in 25 Am. Jur. 343, § 8:

"An alley is a narrow way for the convenience of the owner of property abutting thereon and of the persons dealing with him. . . . Alleys may be either public or private. . . . The thoroughfares or ways for travel of the town or city are the streets, and the alleys are not meant primarily as a substitute therefor. But for most purposes there is no distinction in law between a public alley and a public street, and the power and jurisdiction of the municipality over both are the same. The only distinction between them, it has been said, lies in their difference in width. . . . Public alleys are generally held to be public highways, and the words 'highway,' 'street,' and 'alley' constantly are found conjoined in statutes and ordinances, without distinction as to the application of the particular law."

In *Carroll v. Centralia Water Co.*, 5 Wash. 613, 32 Pac. 609, 33 Pac. 431, the complaint alleged that the excavation into which the plaintiff fell was in a common and public highway, within the limits of the city of Centralia. It developed that this excavation was in an alley, and the question arose as to whether the excavation was in a public highway. The opinion states:

"In every city or town which has been surveyed and platted, and a plat thereof showing the roads, streets and alleys has been filed in the office of the auditor of the county in which such city or town is located, the roads, streets and alleys as shown by such plat are made *public highways by statute*. See Gen. Stat., §§ 744, 745, 746, 755. It follows, therefore, that the alley between blocks 15 and 16 of Railroad addition to the city of Centralia, as shown by the plat, was and is a public highway over which all persons have a right at any and all times to pass." (Italics ours.)

We stated in *Ferguson v. Yakima*, 139 Wash. 216, 246 Pac. 287, 48 A. L. R. 431, after referring to an instruction given in that case:

"This we conceive is a misconception of the law. The alleys in a city, platted and dedicated to public use, are as much public highways as are the streets therein. . . . They are under the control of the public authorities of such city."

See, also, *McAbee v. French,* 150 Wash. 646, 650, 274 Pac. 713.

■ It would seem that this court has, for all practical purposes, treated alleys the same as roads, highways or streets. We are therefore of the opinion that the alley here in question became vacated in so far as any right in the public to use the same is concerned, by reason of its having remained unopened for public use for five years after dedication.

It is respondents' contention that, regardless of whether or not the public lost its easement in and to this alley, the private easement which respondents and their predecessors in interest acquired by virtue of their deeds was not affected by any vacation under the act of 1890, and that appellant is estopped from denying the right of respondents to use the alley for their private purposes.

Respondents rely very largely on the case of *Van Buren v. Trumbull,* 92 Wash. 691, 159 Pac. 891, to sustain their contentions. In the cited case, after referring to the cases of *Murphy v. King County,* 45 Wash. 587, 88 Pac. 1115, and *Smith v. King County,* 80 Wash. 273, 141 Pac. 695, we stated:

"In our own cases the sole question considered was whether the public had any interest in streets that had been theretofore dedicated but not opened or worked by the public for a period of five years. The question of rights between abutting owners or those who had purchased with reference to the plat was not passed upon. Indeed, it would seem that the writer of the opinion in the *Smith* case had the question in mind and, by apt expression, reserved it.
. . .

"With the right of the public eliminated, we have the reserved question squarely before us. No cases going to the exact state of facts with which we have to deal have been cited by counsel, nor have we, after considerable search, been able to find any. Resort must be had to fundamental

principles. One who plats property upon which streets have been laid out, and who sells property with reference thereto, cannot, by an act of his own, defeat the right of his vendee to use the platted streets for the purposes intended. He is estopped to deny or impeach rights thus acquired. [Citing authority.]"

The court then quoted from *Norfolk v. Nottingham,* 96 Va. 34, 30 S. E. 444, after which the opinion states:

" 'Now it would seem if the vendor or dedicator of land could not, by any act of his own, deny to his vendee a right to at least an easement in the property theretofore dedicated as a street, that one claiming by, through, or under him could not do so. As between the grantees of a common grantor who had platted and sold land, rights are to be primarily determined by reference to the right of the grantor. That is to say, if the common grantor could not deny the full effect of his deed and the right of ingress and egress, his grantee could not do so.' "

The opinion then quotes Rem. & Bal. Code, § 5673, which is the same as § 32, hereinbefore set out, and states:

"It [§ 5673] makes no mention of private rights and cannot be held to, in any way, affect them. . . .

"A right of private easement may exist although the public right of easement be destroyed or extinguished. Without resorting to the constitutional question, but keeping close to the statute, having in mind its letter and its spirit, *we may, however, hold that private rights of easement were not affected by the act,* and that they remain as if the act had not been passed. Such is the fair implication of the act, and it is not inconsistent with its letter to so hold." (Italics ours.)

While the facts in the *Van Buren* case are not in every particular like the facts in the instant case, it seems to us that the material facts are so nearly like those in the instant case that the principles applied in the cited case are applicable here. In the *Van Buren* case, the plat was filed in 1888, and shows a street through the center of the tract known as Clark street. Appellants Van Buren and their predecessors bought on one side of Clark street. Respondents bought on the other side of the street. There, as in the instant case, the parties deraigned their title through the

common dedicator and grantor. The parties in the cited case, as here, purchased with reference to the plat. At the time respondents in the cited case bought their land and went into possession, Van Buren or his predecessor had fenced all that part of Clark street abutting on their property. Van Buren brought an action to quiet title to the street, and relied upon the statute of limitations and the act of 1890, hereinbefore referred to. It may be noted that the *Van Buren* case was decided in 1916, which was twenty-eight years after the filing of the plat.

Appellant states that, conceding that the principle of the *Van Buren* case is correct, for the reason stated by the court, that is, to prevent the seller of property by his own act defeating the rights of the purchaser to use platted streets, roads, and alleys for the purposes intended, nevertheless the rule announced in the *Van Buren* case has been qualified by subsequent cases. Appellant then states that in the case of *Tamblin v. Crowley*, 99 Wash. 133, 168 Pac. 982, this court recognized the rule in the *Van Buren* case, but qualified the rule in this respect, that the title so acquired by the adjoining or abutting owner was of such a nature that it could be lost by adverse possession or by tax foreclosure.

Appellant contends that any private easement to use that portion of the alley between lots 1, 2, 3, 4, and lots 9, 10, 11, 12, which respondents or their predecessors may have had, has been lost by adverse possession.

Let us look at the case of *Tamblin v. Crowley, supra.* It should be kept in mind that in the cited case respondent's predecessors acquired title to the property in dispute from the county after a county tax foreclosure sale. It is thus apparent that the parties to the action did not deraign their title through a common dedicator grantor. Appellants' counsel invoked the law as announced by us in *Van Buren v. Trumbull, supra.* We quote from the opinion in the *Tamblin* case:

"We may concede that, notwithstanding the public lost its right in the street by abandonment, appellants and their predecessors in interest did not thereby lose the easement

right of a private nature which they acquired in the street by receiving conveyance of lot 10 from the original dedicators of Horton's addition with reference to the plat. We may also concede, for argument's sake, that the adverse possession of respondent and her predecessors in interest, though sufficient to divest appellants and their predecessors in interest of *title to the fee,* was not sufficient to divest them of the *private easement right acquired with the conveyance of lot 10 from the original dedicators. We are quite unable to see,* however, how appellants can escape the force and effect of the tax foreclosure and deed executed in pursuance thereof to the county. . . . Now, whatever easement right appellants had in this strip of land after its vacation as a public street, such right was of a private nature independent of the right of the public. In view of the fact that the taxation and enforcement of the payment of taxes upon real property under our system of taxation is *in rem* and results in the creation of a new and paramount title, it seems to plainly follow that appellants' claimed private right of easement was as completely divested by the tax foreclosure proceeding as any other interest of a private nature which they might have in the land." (Italics ours.)

Regardless of some statements found in the cited case, from what we have above quoted it is apparent upon what the decision is based. When the real basis of the decision is considered, it is our opinion the cited case does not purport to, and does not in fact, conflict with the *Van Buren* case, nor does it modify the rule announced in the *Van Buren* case.

While appellant cites the case of *Howell v. King County,* 16 Wn. (2d) 557, 134 P. (2d) 80, it seems to us that case is bottomed on the *Van Buren* case. We quote from the opinion in the *Howell* case:

"This court has held that, under such circumstances as we have here, though the public easement is lost, the private easement persists. *Van Buren v. Trumbull,* 92 Wash. 691, 159 Pac. 891, L. R. A. 1917A, 1120. This holding is based upon the principle that, since the dedicator of a plat could not defeat a grantee's right to an easement in the street upon which his land abuts, *common grantees from him cannot, as among themselves, question the right of ingress and egress over the street as shown on the plat.*" (Italics ours.)

While it is true that it is stated in the *Howell* case that the "private easement may be lost by adverse possession," the opinion continues: *"But we have no such element in this case."* (Italics ours.)

We are therefore of the opinion that the rule announced in the *Van Buren* case, *supra,* and upon which respondents and apparently the trial court relied, is still the law applicable to facts such as stated in the cited case; and we are further of the opinion it is controlling here, and that, based upon the rule therein announced, the judgment of the trial court must be, and it is, affirmed.

BEALS, STEINERT, and MALLERY, JJ., concur.

HILL, J. (dissenting)—The majority says in effect that, although the public has lost all interest in or title to a platted street or alley, adverse possession of such a street or alley, no matter how complete nor how long continued, cannot divest one who purchases with reference to the plat and whose title is deraigned from the original plattor, of the right to use such street or alley for access to his property.

I am of the opinion that the right to any private easement, like title to any other private property, can be extinguished by adverse possession, and that it was in this case. See annotation on "Loss of easement by adverse possession or nonuser," subd. III, 1 A. L. R. 889, 66 A. L. R. 1106, and 98 A. L. R. 1295.