[No. 33617. Department One. July 3, 1956.]

RICHARD I. BROWN *et al., Respondents,* v. ELDON F. OLMSTED *et al., Appellants.*[1]

[1]Reported in 299 P. (2d) 564.

*Morrissey, Hedrick & Dunham* and *John H. Hedrick*, for appellants.

*Frederick B. Cohen* and *John E. Bowen*, for respondents.

HILL, J.—The plaintiffs seek to enjoin the defendants and interveners from trespassing on their property, and seek damages from defendants Eldon F. Olmsted and his wife for prior trespasses. From a decree enjoining any further trespasses and awarding three hundred fifty dollars in damages for prior trespasses, defendants Olmsted and the interveners appeal. (Hereinafter, "defendants" refers only to Eldon F. Olmsted and his wife.)

We are here concerned with whether the defendants and interveners have private easements over two thirty-foot strips of land in Kitsap county, which strips were at one time platted as parts of streets in a plat designated "Re-Plat of Port Orchard City, Kitsap County, Wash.," filed for record April 11, 1894, in the office of the auditor of Kitsap county. All the property covered by this plat was then and has been at all times since, outside the limits of any incorporated city or town.

All of the streets and alleys shown on the plat were vacated in 1899 in consequence of their having remained "unopened" for a period of five years following the filing of the plat. In consequence of such vacation, Kitsap county and the public lost all rights to open and use the streets and alleys shown on the plat. The vacation of such streets and

alleys is predicated upon § 32, chapter 19, Laws of 1889-90, p. 603, which reads as follows:

"Any county road, or part thereof, which has heretofore been or may hereafter be authorized, which remains unopened for public use for the space of five years after the order is made or authority granted for opening the same, shall be and the same is hereby vacated, and the authority for building the same barred by lapse of time."

We have repeatedly held that this statute, until its amendment in 1909, applied to all platted streets and alleys outside of cities and towns. See *Turner v. Davisson* (1955), 47 Wn. (2d) 375, 287 P. (2d) 726; *Van Sant v. Seattle* (1955), 47 Wn. (2d) 196, 287 P. (2d) 130; *Gillis v. King County* (1953), 42 Wn. (2d) 373, 255 P. (2d) 546 (rule recognized, but limited to streets unopened for five years prior to 1909, in which year the statute was amended. Laws of 1909, chapter 90, § 1, p. 188); *Burkhard v. Bowen* (1949), 32 Wn. (2d) 613, 203 P. (2d) 361; *Howell v. King County* (1943), 16 Wn. (2d) 557, 134 P. (2d) 80, 150 A. L. R. 640; *Lewis v. Seattle* (1933), 174 Wash. 219, 24 P. (2d) 427, 27 P. (2d) 1119; *Tamblin v. Crowley* (1917), 99 Wash. 133, 168 Pac. 982; *Smith v. King County* (1914), 80 Wash. 273, 141 Pac. 695; *Cheney v. King County* (1913), 72 Wash. 490, 130 Pac. 893; *Mohr v. Pierce County* (1911), 65 Wash. 370, 118 Pac. 321, 119 Pac. 747 (rule recognized, but sufficient improvements and a sufficient public user were found to amount to an "opening"); *Murphy v. King County* (1907), 45 Wash. 587, 88 Pac. 1115.

While such a vacation put an end to all interest of the public in the platted streets and alleys, it did not affect private easements over the streets by those who had bought with reference to the plat and in reliance thereon. Title to the vacated streets and alleys continued to be subject to such private easements. *Burkhard v. Bowen, supra*; *Howell v. King County, supra*; *Van Buren v. Trumbull* (1916), 92 Wash. 691, 159 Pac. 891.

In the plat, Block 54 was bounded on the north by Prospect street and on the west by First avenue. Directly across Prospect street was Block 28, and directly across

First avenue was Block 55. Upon the 1899 vacation by operation of law for failure to open the platted streets, the title of the owners of Block 54 to the south half of Prospect street adjoining Block 54 on the north and to the east half of First avenue adjoining Block 54 on the west, as shown on the plat, was freed from the public easement imposed by the dedication (*Bradley v. Spokane & Inland Empire R. Co.* (1914), 79 Wash. 455, 140 Pac. 688), but remained subject, as indicated, to any private rights of way or easements possessed by those who had acquired title with reference to the plat and in reliance thereon.

By order of the county commissioners made and entered in 1908, a number of lots and blocks in the plat were vacated, including Blocks 28 and 55, which vacation included "also all streets, alleys and avenues lying within and adjacent to and adjoining upon said above described lots and blocks." This included the portions of Prospect street south of Block 28 and of First avenue east of Block 55. The effect of this vacation was to clear the record title of any public interest or easement in the vacated streets. *Turner v. Davisson, supra.* The official order of vacation, being a public record, was in legal effect an amendment of the plat, and all who bought thereafter took with notice of the change. *Hagen v. Bolcom Mills* (1913), 74 Wash. 462, 133 Pac. 1000, 134 Pac. 1051.

This vacation by order of the county commissioners did not, of course, divest anyone of any private right of way or easement which he may have had over the streets thus vacated.

Both Prospect street and First avenue, as platted, were sixty feet in width. The two thirty-foot strips, one along the north side and the other along the west side of Block 54, now owned by the plaintiffs, are the *loci in quo* of the present controversy. The defendants and interveners, who are the owners of properties which include the vacated north half of Prospect street south of the former Block 28 and the vacated west half of First avenue east of the former Block

55, claim easements for ingress and egress to their properties over the two thirty-foot strips owned by the plaintiffs.

The defendants and interveners, to establish the easements claimed over the two thirty-foot strips owned by the plaintiffs, must establish that they are the successors in interest of someone who acquired title with reference to the plat and in reliance thereon prior to the 1908 vacation, and that they and the plaintiffs deraign title through a common dedicator and grantor. *Burkhard v. Bowen, supra; Howell v. King County, supra; Van Buren v. Trumbull, supra.* Both of these elements are lacking in the present case.

On October 20, 1921, Kitsap county foreclosed its lien for delinquent taxes upon property which included the former Block 28 and the north half of the vacated Prospect street adjacent thereto, and the former Block 55 and the west half of the vacated First avenue adjacent thereto (now owned by the defendants and interveners), and acquired title thereto. The foreclosure did not include the former Block 54 and the halves of vacated streets adjacent thereto (now owned by the plaintiffs).

■■ It is recognized that Kitsap county's foreclosure of its tax lien was a proceeding *in rem. Harmon v. Gould* (1939), 1 Wn. (2d) 1, 94 P. (2d) 749; *Hanson v. Carr* (1911), 66 Wash. 81, 118 Pac. 927. It is further recognized that when Kitsap county acquired title to the former Block 28 and the north half of vacated Prospect street adjacent thereto, and to the former Block 55 and the west half of vacated First avenue adjacent thereto, through a tax foreclosure, a new title was created, and any rights of way, public or private, over the portions of the former streets thus acquired by the county were extinguished. *Harmon v. Gould, supra; Tamblin v. Crowley, supra.* A new chain of title to the former Blocks 28 and 55 and the halves of vacated streets adjacent thereto was thus commenced.

On November 7, 1921, the county conveyed to W. H. Kirkman, trustee, by a metes and bounds description, a tract of some fifteen acres which included the former Block 28 and the north half of vacated Prospect street adjacent thereto,

and the former Block 55 and the west half of vacated First avenue adjacent thereto, without any reference to the plat or to the blocks or streets.

All of the defendants and interveners derive their title through Kitsap county and Kirkman. Some of the deeds from Kirkman and other grantors make reference to the center lines of Prospect street and First avenue as property boundaries, but the streets had been vacated, as had Blocks 28 and 55, and the grantees named therein obviously could not have purchased in reliance upon the plat.

The defendants and interveners urge that, while the plaintiffs have no easement over the vacated halves of streets owned by the defendants and interveners because the latter hold under a tax title (and as to that there is no dispute; the plaintiffs claim no such easement), the defendants and interveners have easements over the halves of vacated streets owned by the plaintiffs.

This position is singularly devoid of equity and fails completely as a matter of law. The evidence is conclusive that neither the defendants and interveners nor anyone through whom they deraign title ever purchased with reference to the plat and in reliance thereon prior to the vacation of 1908. It is equally conclusive that the defendants and interveners on one hand and the plaintiffs on the other do not deraign title through a common grantor.

The defendants and interveners have failed to establish any right to an easement over those portions of the vacated Prospect street and First avenue owned by the plaintiffs. The trial court properly enjoined them from using the same and, in consequence of their trespass thereon, the defendants are liable for damages as found by the trial court.

The judgment is affirmed.

HAMLEY, C. J., SCHWELLENBACH, FINLEY, and OTT, JJ., concur.