706

EARL F. MYERS *et al., Respondents,* v. VERMAE HARRIS, *Appellant.*

*J. K. Hallam,* for appellant.

*Thomas H. Oldfield* and *Mann, Copeland, King, Anderson, Bingham & Scraggin,* for respondents.

PEARSON, C.J.—This is another case involving disputed ownership of accreted land along the Pacific Ocean. There is no factual dispute. All of Government Lot 1 of Section 16, Township 19 North, Range 12 West W.M. in Grays Harbor County was patented to Harra D. Chapman. The westerly border of this tract faces the Pacific Ocean. This described boundary is the meander line (the traverse marking the sinuosities of the Pacific Ocean at the time of the original survey).

In 1905, Chapman conveyed the following portion of government lot 1 to F. P. Maring:

That portion of Government Lot 1 in Section 16, Town-

ship 19 North, Range 12 West of the Willamette Meridian, described as follows:

Commencing at a point on the meander line of the Pacific Ocean South 25°30′ East and distanced 700 feet from the meander line corner between Sections 9 and 16 in Township 19 North, Range 12 W.W.M., and running thence along said meander line South 25°30′ East 150 feet; thence at right angles North 64°30′ East 500 feet; thence at right angles North 25°30′ West 150 feet; thence at right angles South 64°30′ West 500 feet to the place of beginning.

This portion is referred to by the parties as "tax lot 6," and the dispute centers about the ownership of its westerly accretions.

Maring conveyed tax lot 6 to Ethel Hicks in 1907; she conveyed it to the plaintiff Myers in 1957. By treasurer's deed dated June 22, 1940, the defendants acquired government lot 1, *excepting therefrom* tax lot 6 (among other parcels). Tax lot 6 was described in that deed as above, although a different point of beginning was utilized.

Plaintiffs brought this action to quiet title in them to the westerly accretions to tax lot 6. The trial court held in their favor and entered a decree to that effect. The trial court, in our opinion, was manifestly correct in its interpretation of the various deeds.

■ Washington law is thoroughly settled that a deed which employs a meander line (the waterside boundary of a government lot) as one of the calls in the description conveys to the water, unless there exist clear and convincing indications that the meander line is intended to be the actual boundary. *Vavrek v. Parks*, 6 Wn. App. 684, 495 P.2d 1051 (1972); *Harris v. Swart Mortgage Co.*, 41 Wn.2d 354, 249 P.2d 403 (1952); *Hirt v. Entus*, 37 Wn.2d 418, 224 P.2d 620 (1950).

■ In light of this principle, it is apparent that in the original and successive conveyances of tax lot 6, the watercourse itself constituted the *actual* boundary of the upland tract (no contrary evidence of intention whatever appear-

ing in the record). In the case of the ocean, the watercourse boundary is the line of mean high tide. *Vavrek v. Parks, supra.*

The sole contention of the defendant in contravention of plaintiff's position is that the paramount title established by the tax foreclosure deed extinguished plaintiff's right to the accretions. This position is untenable.

■ Plaintiffs freely concede, and this court recognizes, that generally speaking a tax deed establishes a new and paramount chain of title. *Brown v. Olmsted,* 49 Wn.2d 210, 299 P.2d 564 (1956). This principle, however, is without application in the factual context of this case. Tax lot 6 was *excepted* from the 1940 tax foreclosure sale. Defendant's deed to government lot 1 *excepts* from its purview tax lot 6. As delineated above, the description of tax lot 6, by virtue of the employment of the meander line, *encompasses* the accretions between the meander line and the line of ordinary high tide.

■ The essence of defendant's position is this: the exception description of tax lot 6 in her deed should be construed differently than the conveyance description, so as to exclude the operation of the usual rule of construction. No authority is cited for this proposition, and we perceive none. (Indeed, it is difficult to envision how the county can exclude from its foreclosure proceedings nondelinquent properties other than by describing them in the manner in which they are described in the recorded deeds of the nondelinquent property owners.)

One fundamental inconsistency flaws the defendant's case. The legal description of the westerly boundary of her portion of government lot 1 is the meander line. She contends accordingly, in light of the general rule, that she owns the accretions thereto. Yet she maintains that a different rule should apply to precisely the same type of description in the smaller parcel. We reject this assertion.

Judgment affirmed.

PETRIE and ARMSTRONG, JJ., concur.