IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

RALPH A. HEINE,

               Appellant,

    v,

TIM S. RUSSELL and ROBERTA A.
RUSSELL, STEVEN RUSSELL and
STEPHANIE COLEMAN, JOHN PURDY,
NORMAN and SARINA STOW, and
WILL KENDALL,

               Respondents.

No. 79754-9-I

DIVISION ONE

UNPUBLISHED OPINION

LEACH, J. — Ralph A. Heine appeals the trial court's summary judgment dismissal of his claims for adverse possession and prescriptive easement. Heine claims he acquired a prescriptive easement over part of his neighbors' property and that he adversely possessed a portion of an existing nonexclusive access and utilities easement.

Because Heine fails to establish a disputed issue of fact about the requisite elements for adverse possession or prescriptive easement, we disagree and affirm.

FACTS

Ralph Heine purchased his home in June 2009. Heine and his neighbors, Stows and Kendall, all use a gravel roadway to access their homes from the main road. The gravel roadway is located within the western portion of a 30-foot nonexclusive easement that the neighbors share. The easement is for "ingress, egress, and utilities over,

Citations and pin cites are based on the Westlaw online version of the cited material.

under, along and across" the property. Within the easement area, water and electric utilities serve all of the parties in this action. John Purdy owns the 30-foot wide strip of property on which the easement is located. The annotated aerial photograph below shows the location of the Heine property, the easement, and the recent changes made by the Russells.



In 2005, Robert and Pamela Styles sold their property to Michael Nesbit. Heine purchased the property from a lender in June 2009 after Nesbit vacated the home in the summer of 2008. The Styles owned the property for approximately 30 years. The Styles, Nesbit, and Heine used the eastern portion of the easement as their front yard. After Heine purchased the property, he created an additional driveway at the northwest corner of his property for additional parking.

In October 2016, the Russells extended their front yard about five-and-a-half feet by installing 16 steel bollards in the gravel roadway located in the vicinity of the east boundary line of the easement. This reduced access to the gravel roadway by about half.

Heine sued the Russells in October 2016 to "eject" them from the westerly portion of the gravel roadway, where they had installed the bollards, and to quiet title the disputed property. The Russells counterclaimed to quiet title the full 30-foot nonexclusive easement where Heine's front yard is located.

Heine then amended his complaint to assert a claim for adverse possession of the eastern portion of the easement, which Heine and his predecessors used as their front yard. He claimed a prescriptive easement over the westerly portion of the gravel roadway located on the Russells' land where they had installed the bollards. Finally, Heine alleged claims of trespass, nuisance, and negligent or intentional infliction of emotional distress against the Russells.

Heine and the Russells filed cross-motions for partial summary judgment. The trial court granted the Russells' motion and declared they are entitled to develop and

3

improve to the full extent of the easement for normal means of access and egress. The court also dismissed Heine's claims for prescriptive easement and title by adverse possession with prejudice. Heine later voluntarily dismissed his tort claims.

Heine appeals.

STANDARD OF REVIEW

Heine claims the trial court should not have dismissed his adverse possession and prescriptive easement claims on summary judgment because the easement's legal location shifted to the existing road after a long period of use.

We review an order granting summary judgment de novo.[1] Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law."[2] We view the evidence in the light most favorable to the nonmoving party.[3]

ANALYSIS

Adverse Possession of Easement

Heine first claims his predecessors acquired title by adverse possession to the unopened portion of the nonexclusive easement over the Purdy's land used and maintained as their front yard. At oral argument, Heine clarified he seeks to establish adverse ownership of the fee title to this part of the easement only if he can also extinguish his neighbors' easement rights over the same property. Because his claim to

---

[1] Loeffelholz v. University of Washington, 175 Wn.2d 264, 271, 285 P.3d 854 (2012).
[2] CR 56(c); Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).
[3] Loeffelholz, 175 Wn.2d at 271.

extinguish these easement rights fail, we do not address his separate adverse possession claim to the underlying fee interest.

Courts generally use the principles that govern acquisition by adverse possession to determine whether adverse use has extinguished an easement.[4] To acquire property by adverse possession, a party must prove that for a period of at least 10 years their possession of the property was (1) open and notorious, (2) actual and uninterrupted, (3) exclusive, and (4) hostile.[5] And, "the party claiming to have adversely possessed the property has the burden of establishing the existence of each element."[6]

Washington disfavors terminating easements.[7] Mere nonuse, for no matter how long a period, does not extinguish an easement.[8] But, a servient estate owner can extinguish an easement through hostile or adverse use.[9]

"The 'hostility/claim of right' element of adverse possession requires only that the claimant treat the land as his own as against the world throughout the statutory period. The nature of his possession will be determined solely on the basis of the manner in which he treats the property."[10] Hostile use in this context is difficult to prove.[11] Most uses are not hostile.[12] The owner of the burdened property has the right to use that land for purposes not inconsistent with its ultimate use as an easement during the period of nonuse. Where a right of way is established by easement, the land remains

---

[4] City of Edmonds v. Williams, 54 Wn. App. 632, 634, 774 P.2d 1241 (1989).
[5] ITT Rayonier, Inc. v. Bell, 112 Wn.2d 754, 757, 774 P.2d 6 (1989).
[6] ITT Rayonier, 112 Wn.2d at 757.
[7] City of Edmonds, 54 Wn. App. at 636.
[8] Thompson v. Smith, 59 Wn.2d 397, 407, 367 P.2d 798 (1962).
[9] City of Edmonds, 54 Wn. App. at 634.
[10] Chaplin v. Sanders, 100 Wn. 2d 853, 860-61, 676 P.2d 431, 436 (1984).
[11] Cole v. Laverty, 112 Wn. App. 180, 184, 49 P.3d 924 (2002).
[12] Cole, 112 Wn. App. at 184.

the property of the owner of the servient estate, and he is entitled to use it for any purpose that does not interfere with the proper enjoyment of the easement.[13]

Heine claims the Styles' use of some of the unopened portion of the easement as part of their front yard area both unreasonably deviated from their rights to use it for ingress, egress, utilities, and it was adverse to anyone else's use of the land for those purposes and to Purdy's ownership.  He claims he can establish hostile use because Styles "fenced, mowed, gardened, planted, and parked on the land, cemented a flagpole, and more."  But, those actions were not inconsistent with the ultimate use of the easement for its dedicated purposes.  They did not interfere with current use of the easement for underground or overhead utilities, nor did they unreasonably interfere with future use of the property for ingress or egress.

Thompson v. Smith supports this conclusion.[14]  There, the servient owner poured a concrete slab over a reserved roadway easement. Because that part of the easement was not in use at the time, our Supreme Court held the concrete slab, which the servient owner used to store vehicles and lumber, did not interfere with future use of the easement.  The court noted the respective rights of the dominant and servient owners "'are not absolute, but must be construed to permit a due and reasonable enjoyment of both interests so long as that is possible.'"[15]

Because Heine fails to show an issue of fact about the hostility in the element of adverse possession, the trial court appropriately dismissed his adverse possession claim.  As a result, we do not address the respondents' assertion that a dominant estate

---

[13] Thompson, 59 Wn.2d at 407-08.
[14] 59 Wn.2d 397, 367 P.2d 798 (1962).
[15] Thompson, 59 Wn.2d at 409.

owner cannot extinguish an existing nonexclusive easement and claim title through adverse possession.

Prescriptive Easement

Heine next claims the trial court should not have dismissed his claim for a prescriptive easement over part of the Russell's property occupied by the gravel road before they installed the bollards. To establish a prescriptive easement, the claimant must prove their use of another's land has been for at least 10 years (1) open, notorious, continuous, and uninterrupted, (2) over a uniform route, (3) adverse to the owner of the land sought to be subjected, and (4) with knowledge of such owner at a time when he was able in law to assert and enforce his rights.[16] For purposes of establishing the adversity element of a prescriptive easement, the parties' intent is not relevant.[17] Rather, it is the objectively observable acts of the user and the rightful owner's control.[18]

Heine claims a trier of fact could conclude the evidence demonstrated Styles' use of the gravel road north of their main driveway was of the same character as that of a true owner might make under similar circumstances. So, this evidence created a fact question about Styles' continuous use of the portion of the road north of the main driveway and prevented summary judgment dismissing his claim.

Heine asserts the Styles would "drive their RV on the portion of the gravel road north of their driveway at least twice per year…and usually four to six times per year." He also claimed "the propane trucks that visited the Styles' property twice per year

---

[16] The Mountaineers v. Wymer, 56 Wn.2d 721, 722, 355 P.2d 341 (1960).
[17] Dunbar v. Heinrich, 95 Wn.2d 20, 27, 622 P.2d 812 (1980).
[18] Dunbar, 95 Wn.2d at 27.

would drive to the end of the gravel road." But, these are not actions made adversely to the owner of the land. Here, the Russells do not demonstrate use of the same character a true owner might make under the circumstances.

For the first time on appeal, Heine asserts a theory of "collective use tacking." With this theory he seeks to rely on his neighbors' use of the gravel road to establish his predecessors' acquisition of a prescriptive easement. Because Heine did not raise this novel theory in the trial court, we decline to consider it.[19] So, the trial court did not err in dismissing this claim.

Shifting Easement

Heine also claims the "easement's location shifted to the existing road after a long period of use," relying on Curtis v. Zuck[20] and Barnhart v. Gold Run, Inc.[21] We disagree.

First, Curtis and Barnhart do not support Heine's position. In Curtis, the landowner, claiming a private easement shifted, established elements for adverse possession since they "occupied the land . . . as it now stands, for at least 13 years."[22] The facts in Barnhart also supported a finding for a shifting easement since the landowner's "claim continued for the statutory period."[23] For the same reason Heine's prescriptive easement claim fails, his shifting easement claim also fails. He fails to show any evidence his predecessors occupied the land for the requisite period for adverse possession or prescriptive easement as it was proved in Curtis and Barnhart.

---

[19] RAP 2.5(a).
[20] 65 Wn. App. 377, 829 P.2d 187 (1992).
[21] 68 Wn. App. 417, 843 P.2d 545 (1993).
[22] 65 Wn. App. at 383.
[23] 68 Wn. App. at 423.

Second, even if Heine and/or his neighbors used the westerly portion of the gravel road for traveling, Heine's shifting easement claim is inconsistent because "[u]tility uses existed over the [gravel road]." The easement area, specifically in the western portion, included "water and electric utilities…serving all of the parties in this action and the neighborhood." Since the parties benefiting from the easement continuously used the easement area for utilities, the easement did not "shift."

## Tort Claim

Heine next claims this court should authorize him to reassert his tort claim. Heine voluntarily dismissed it with prejudice before trial. He provides no persuasive argument or authority supporting his request. So, we deny it.

## Attorney Fees

### Heine's Request for Attorney Fees

Heine claims the trial court should not have awarded attorney fees to Russell and Purdy. Because Heine does not support this claim with any argument, we will not address it.[24] Heine also requests attorney fees on appeal. Because he is not the prevailing party, we reject his request for attorney fees.

### Russells' Request for Attorney Fees

Russell and Purdy request attorney fees under RCW 7.28.083(3). "A party is entitled to attorney fees on appeal if a contract, statute, or recognized ground of equity permits recovery of attorney fees at trial and the party is the substantially prevailing party."[25] RCW 7.28.083(3) provides a statutory basis for the award of attorney fees to

---

[24] RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[25] Hwang v. McMahill, 103 Wn. App. 945, 954, 15 P.3d 172 (2000).

the prevailing party of an adverse possession claim on appeal.[26]  Because Russell and Purdy prevail on appeal, we grant their request for reasonable attorney fees and costs subject to their compliance with RAP 18.1(d).

CONCLUSION

We affirm.  Heine fails to establish issues of fact about the requisite elements for his prescriptive easement and adverse possession claims.

Leach, J.

WE CONCUR:

---

[26] Workman v. Klinkenber, 6 Wn. App. 2d 291, 308-09, 430 P.3d 716 (2018).