[No. 28728. *En Banc.* February 13, 1943.]
NELLIE H. HOWELL, *Respondent,* v. KING COUNTY *et al.,*
*Appellants.*[1]

*Albert D. Rosellini, B. Gray Warner,* and *L. C. Brod-beck,* for appellants.

*Padden & Moriarty,* for respondent.

BLAKE, J.—Plaintiff brought this action to set aside
an order of the board of commissioners of King county
vacating a part of Hume avenue in the plat of Ken-
wood park, and to enjoin the defendants Sandell from
occupying and obstructing the vacated strip. From a

[1]Reported in 134 P. (2d) 80.

decree granting plaintiff the relief sought, defendants appeal.

Appellants own the lots abutting on the west side of the vacated strip, which is the west half of Hume avenue—the east half having been previously vacated. Respondent is the owner of property abutting on the south end of the vacated strip.

The appeal presents two questions: (1) whether the order vacating the strip was valid; and (2) whether vacation of Hume avenue was effected by abandonment under the provisions of § 32 of chapter XIX of the Laws of 1890, p. 603, which provides:

"Any county road, or part thereof, which has heretofore been or may hereafter be authorized, which remains unopened for public use for the space of five years after the order is made or authority granted for opening the same, shall be and the same is hereby vacated, and the authority for building the same barred by lapse of time."

In view of the conclusion we have reached upon the second question, we shall not discuss the first.

In 1907, this court held that streets dedicated in platted tracts of land outside of cities and towns came within the purview of the statute (§ 32, chapter XIX, Laws of 1890, p. 603). *Murphy v. King County,* 45 Wash. 587, 88 Pac. 1115.

Now, Kenwood park was platted and the streets dedicated in December, 1891, and it is not within any incorporated city or town. The evidence is conclusive that Hume avenue remained "unopened for public use for the space of five years" after dedication, which constituted the "authority granted for opening the same." *Tamblin v. Crowley,* 99 Wash. 133, 168 Pac. 982. By the express terms of the statute, the street was therefore vacated in December, 1896.

Respondent challenges this view of the situation up-

on the strength of a proviso, in amendment of the statute, contained in § 1, chapter 90, Laws of 1909, p. 188. The proviso, doubtless, was added to meet exigencies created by the court's decision in *Murphy v. King County, supra,* for it excluded from the operation of the act of 1890 "any . . . street . . . dedicated . . . in any plat . . ." Nevertheless, the court subsequently held that the statute effected a vacation of streets in platted tracts which had remained unopened for public use for a space of five years prior to 1909. *Tamblin v. Crowley, supra.* So, we are constrained to hold that the appellants Sandell are the owners of the vacated portion of Hume avenue in controversy by virtue of their ownership of the lots abutting it, freed from the public easement created by the plat and dedication of Kenwood park.

It does not follow, however, that the vacated strip is not servient to an easement for the use and benefit of the property owned by respondent. It abuts the south *end* of the vacated strip. There is no other avenue of ingress and egress to her property. For more than twenty years, she and her predecessors in interest have used the vacated strip in controversy in getting in and out. A road, traversable by motor vehicles, has existed along the easterly margin of the vacated strip for that length of time.

This court has held that, under such circumstances as we have here, though the public easement is lost, the private easement persists. *Van Buren v. Trumbull,* 92 Wash. 691, 159 Pac. 891, L. R. A. 1917A, 1120. This holding is based upon the principle that, since the dedicator of a plat could not defeat a grantee's right to an easement in the street upon which his land abuts, common grantees from him cannot, as among themselves, question the right of ingress and egress over the street as shown on the plat. Of course, the private easement

may be lost by adverse possession. *Tamblin v. Crowley, supra; Lewis v. Seattle,* 174 Wash. 219, 24 P. (2d) 427, 27 P.. (2d) 1119. But we have no such element in this case.

The cause is remanded, with directions to enter a decree declaring the strip in controversy vacated, subject, however, to a private easement for the use and benefit of the property owned by respondent abutting on the south—the extent of the easement to correspond with the roadway which has been used by her and her predecessors in interest. No costs will be allowed on appeal.

SIMPSON, C. J., BEALS, ROBINSON, STEINERT, JEFFERS, and GRADY, JJ., concur.

MALLERY, J. (dissenting)—Streets may be vacated by statutory procedure. A valid vacation extinguishes all easements in the land and vests title in the abutting owners.

It is necessary to distinguish between public roads that are constructed and maintained at public expense, and streets which are not constructed and maintained at public expense but in which nevertheless the owners of lots abutting thereon have a vested interest in their easements over the same.

The statute upon which appellants rely and which is set out in the majority opinion, was first construed in *Murphy v. King County,* 45 Wash. 587, 88 Pac. 1115. That was an action to restrain the county from entering upon, and opening as a county road, land that had been enclosed by Murphy. It did not, and could not, on the facts involved in the case, deal with the subject of easements.

Indeed, the statute does not deal with easements but only with public roads, constructed and maintained at public expense, as such. The vacation provided for

in the statute is a vacation as a *county road* only. It is in the nature of a statute of limitations. The language of the statute: "And authority for building the same barred by lapse of time" indicates this clearly.

On the facts, the holding in *Murphy v. King County, supra,* could go no further than to say that the construction of a public road, as such, is barred by five years of nonuse after authorization.

No citations are necessary for the proposition of law that it is beyond the constitutional power of the legislature to forfeit the vested interests of owners of lots abutting a platted street in their easements therein, by a provision that would function automatically and without due process of law. Nor has this construction been given to the statute.

The distinction herein contended for is aptly expressed in the *Murphy* case in these words:

"There may be strong and *controlling* reasons why a street in a city or town should not be deemed vacated after the lapse of five years, unless open to public travel within that time, but on the other hand we see no plausible reason why the right of a board of county commissioners to open a public highway should continue forever, simply because a plat has been filed by some former owner of the land. We are therefore of opinion that the right to open the streets in question is barred by lapse of time, and that the appellant is entitled to the injunction as prayed."

Our cases all hold that the easement is not destroyed by an automatic vacation as a county road under the statute.

The order of vacation of the King county commissioners was void. The statutory requirements for the vacation of a *street* were not complied with, and appellants did not acquire title to the land or secure an extinguishment of the easement.

The majority opinion does not hold that the vacation order was valid but instead rests the decision upon the grounds of abandonment under the authority of the statute set out therein. This leaves the easement intact, since only the public road, as such, is abandoned.

Respondents are threatening to obstruct the land in question and to build substantial structures thereon. If appellants' easement in the land is to be recognized, the lower court's injunction should remain in effect. There is no justification in law or in the facts of this case for arbitrarily restricting appellants' easement to a lesser amount of land than the whole strip of land in question.

The judgment should be affirmed.

MILLARD, J., concurs with MALLERY, J.