[No. 32351. Department Two. April 2, 1953.]

A. F. GILLIS *et al.*, *Appellants*, v. KING COUNTY, *Respondent.*

HARRY A. OURSLER, *Appellant*, v. KING COUNTY, *Respondent.*[1]

[1]Reported in 255 P. (2d) 546.

*John E. Belcher*, for appellants.

*Charles O. Carroll* and *K. G. Smiles*, for respondent.

HAMLEY, J.—In the above-entitled cases, consolidated for the purpose of trial and appeal, plaintiffs seek decrees vacating certain portions of Indianapolis street and quieting their titles thereto. Judgment was entered for defendant in both cases, and plaintiffs have appealed.

The facts are not in dispute. On May 9, 1906, Seaboard Security Company filed for record in the office of the auditor of King County a plat of Lake Shore View Addition to the city of Seattle. In this plat, certain streets were dedicated to the public, including Indianapolis street, now designated east Ninety-fifth street. On December 14, 1906, Seaboard

Security Company similarly filed a replat of block twelve of this addition. This replat shows the same dedicated streets.

This platted addition lies outside the city of Seattle, in King county, Washington. Indianapolis street has never been opened for public use. Between 1938 and 1941, appellants became the owners of certain lots in this platted addition, which lots abut Indianapolis street on the north. During the same period, appellant Oursler became the owner of certain lots in another addition, which lots abut Indianapolis street on the south immediately opposite his lot which abuts that street on the north. Each appellant continues to own the lots referred to above.

The theory of appellants' actions is that the portions of Indianapolis street in question were, by operation of law, automatically vacated in 1911, five years after the dedication of the street. The statute upon which they rely is Laws of 1889-90, chapter 19 (Relating to County Roads), § 32, p. 603, which reads as follows:

"Any county road, or part thereof, which has heretofore been or may hereafter be authorized, which remains unopened for public use for the space of five years after the order is made or authority granted for opening the same, shall be and the same is hereby vacated, and the authority for building the same barred by lapse of time."

This court has several times held that streets dedicated in platted tracts of land outside of cities and towns come within the purview of this statute. *Murphy v. King County,* 45 Wash. 587, 88 Pac. 1115; *Tamblin v. Crowley,* 99 Wash. 133, 168 Pac. 982; *Howell v. King County,* 16 Wn. (2d) 557, 134 P. (2d) 80, 150 A. L. R. 640; *Burkhard v. Bowen,* 32 Wn. (2d) 613, 203 P. (2d) 361.

Respondent defends the actions on the ground that the 1889-90 act was amended, prior to the running of the five-year period, in such way as to eliminate the automatic vacation feature with respect to dedicated streets. The 1909 amendment re-enacts the above-quoted statutory provision, with the following proviso added:

"Provided, however, That the provisions of this section shall not apply to any highway, street, alley or other public

place dedicated as such in any plat, whether the land included in said plat be within or without the limits of any incorporated city or town, nor to any land conveyed by deed to the state or to any town, city or county for roads, streets, alleys or other public places." Laws of 1909, chapter 90, § 1, p. 189, repealed in 1937 by the Washington state aid highway act (Laws of 1937, chapter 187, § 70, p. 778), but re-enacted as a part of the same act (Laws of 1937, chapter 187, § 52, p. 761).

Appellants meet this defense by asserting: (1) The proviso added by the 1909 act does not apply to the dedication in question, because that dedication was made prior to such enactment; and (2) the 1909 act is unconstitutional because it does not conform to the requirements of Art. II, § 19, of the state constitution.

The trial court ruled against appellants on each of these points. The same questions are presented on this appeal, and will be considered in the order indicated.

The first question calls for a construction of the proviso added by the 1909 act. Does it apply to streets dedicated prior to, but within five years of, the effective date of the 1909 act, so as to prevent the automatic vacation of such streets when the five-year period of nonuser thereafter expired?

Appellants so contend and, in support of this view, assert that, at the time of the 1909 enactment, their predecessors had a vested right in the prospective vacation of Indianapolis street in 1911, which could not lawfully be terminated by the 1909 statute.

A statute may not be given retroactive effect, regardless of the intention of the legislature, where the effect would be to interfere with vested rights. Thus, a statute may not operate retroactively where the result would be to impair the obligation of a contract (*In re Heilbron's Estate*, 14 Wash. 536, 45 Pac. 153), or deprive one of his property without due process of law (*Graves v. Dunlap*, 87 Wash. 648, 152 Pac. 532). See, also, *Bruenn v. North Yakima School District*, 101 Wash. 374, 172 Pac. 569; *State v. Natsuhara*, 136 Wash. 437, 240 Pac. 557; *Tonkoff v. Roche Fruit & Produce Co.*, 137 Wash. 148, 242 Pac. 3.

In recognition of this principle, we have held that, where a street lying outside any city or town has been dedicated and unopened for a period of five years prior to the 1909 amendment, the right of abutting property owners to the vacated street, pursuant to the provisions of the 1889-90 statute, has vested and is not affected by the 1909 amendment. *Tamblin v. Crowley, supra; Lewis v. Seattle*, 174 Wash. 219, 24 P. (2d) 427, 27 P. (2d) 1119; *Howell v. King County, supra; Burkhard v. Bowen, supra.*

But in the case before us, only three years of the required five-year period of nonuser had run at the time the 1909 proviso was enacted. Hence, the decisions just cited are not determinative on the question of whether appellants' predecessors had the claimed vested rights in 1909.

In *Adams v. Ernst*, 1 Wn. (2d) 254, 95 P. (2d) 799, we expressed the following opinion regarding the term "vested rights":

"The term 'vested right' is not easily defined and has been used by the courts to express various shades of meaning. However, the term has been commonly held to connote 'an immediate fixed right of present or future enjoyment' and 'an immediate right of present enjoyment, or a present fixed right of future enjoyment.'" (pp. 264-5)

In 2 Cooley, Constitutional Limitations (8th ed.), 749, the following definition of the term appears:

"First, it would seem that a right cannot be considered a vested right, unless it is something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws: it must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from a demand made by another."

The purpose of the 1889-90 act in question was to specify a certain period of years after which the common-law rule of presumption of abandonment would be given effect. *Cunningham v. Weedin*, 81 Wash. 96, 142 Pac. 453. The right granted thereunder to abutting property owners was therefore a mere expectancy, dependent upon the street remaining unopened for the full five-year period. It was

comparable to the possibility of reverter which exists in the grantor of a fee simple determinable. The possibility of reverter is not a vested right, but a mere expectation of property in the future, and so may be defeated by statute. *Bass v. Roanoke Nav. & Water Power Co.*, 111 N. C. 439, 16 S. E. 402; *Prall v. Burckhartt*, 299 Ill. 19, 132 N. E. 280, 18 A. L. R. 992.

Since, therefore, appellants' predecessors in 1909 had neither an immediate right of present enjoyment nor a present fixed right of future enjoyment of that portion of the title to Indianapolis street which they here seek to quiet, it cannot be said that they had a vested right therein at the time the proviso was enacted.

But appellants argue, in effect, that even if the rights to automatic vacation of Indianapolis street were not vested in 1909, appellants are still entitled to judgment. This is true, they contend, because the legislature did not intend the 1909 proviso to extend to streets already dedicated, even though the five-year period had not then run. In this connection, appellants call our attention to this rule of statutory construction: If the language of a statute be doubtful, or if the legislative intent does not clearly appear therefrom, the courts will not give the statute a retroactive effect when to do so would impair existing rights. *Moran v. Seattle*, 179 Wash. 555, 38 P. (2d) 391.

It is clear from our decisions that the application of this rule of construction is not limited to cases where the "existing rights" therein referred to are vested rights. See *Horner v. Pierce County*, 111 Wash. 386, 191 Pac. 396, 14 A. L. R. 707; *Moran v. Seattle, supra*; and *Sterrett v. White Pine Sash Co.*, 176 Wash. 663, 30 P. (2d) 665.

Appellants point out that, if the legislature had intended the 1909 act to apply to existing plats, it could have indicated such intention by inserting the words "heretofore filed with the county auditor" after the word "plat" where first used in such act. But this does not help us, for it similarly could be argued that, had the legislature intended the 1909 act to apply only to plats thereafter filed, it could have indicated

such intention by inserting, at the same point, the words "hereafter filed with the county auditor."

What the legislature did refer to in this proviso was "any highway, street . . . [etc.] . . . dedicated as such in *any* plat." (Italics ours.) The words "any plat" are all-inclusive and tend to negative the construction for which appellants contend. That language, we believe, evidences an intent to include all plats which could be legally affected by the proviso. As before indicated, the proviso could not legally affect plats which had been on file for five years, since the rights of abutting owners to the vacation of such unopened streets had then become vested.

There are two additional considerations which tend to confirm the view just expressed. One of these is that the 1909 proviso is attachd to a re-enactment of the 1889-90 act, which itself expressly provides for retroactive operation. The other is that the 1909 proviso was added to meet the exigencies created by the court's decision in *Murphy v. King County, supra. Howell v. King County*, 16 Wn. (2d) 557, 134 P. (2d) 80. Those exigencies pertain as much to plats then on file for a period of less than five years as to plats thereafter filed.

In addition to the two above-discussed arguments advanced by appellants, they call attention to the fact that they have cleared the portions of Indianapolis street in question, constructed buildings thereon, and have for many years paid property taxes in response to tax statements which specifically include "Indianapolis St. Adj." to their respective lots.

At the trial, counsel for appellants specifically disclaimed any reliance upon adverse possession. In any event, neither the construction of improvements (*Rapp v. Stratton*, 41 Wash. 263, 83 Pac. 182) nor the payment of taxes (*West Seattle v. West Seattle Land & Improvement Co.*, 38 Wash. 359, 80 Pac. 549) can operate to give abutting owners title, by adverse possession, to the county's easement in a dedicated street.

Mrs. Gillis, wife of one of the appellants, testified that permits were issued by the King county engineer's office for the.

construction of buildings upon the portion of Indianapolis street adjacent to the Gillis property. She testified that, before issuance of the permits, the engineer's office was shown tax statements which indicated the Gillises were paying taxes on that portion of the street. The application for a permit to build a garage, however, refers only to lots 21 and 22 of block 12 of the replat, no reference being made to the street. The permit thereafter issued, as well as a second permit for the construction of a residence, authorizes such construction "at/or on 9505-48 N. E." That is the street address of lot 21, referred to above.

 Were it indisputably established, however, that the King county engineer's office had issued permits authorizing the construction of buildings upon dedicated streets not otherwise vacated, this would not operate to estop the county here. A county holds an easement in such streets in trust for the public. *Cunningham v. Weedin, supra.* Public officials have no authority to grant a permit which is in conflict with that easement. *Mueller v. Seattle,* 167 Wash. 67, 8 P. (2d) 994.

It is therefore our opinion that, assuming the 1909 act to be constitutional, such act applies to dedicated Indianapolis street and necessitates the conclusion that the portions of that street in question were not vacated under the provisions of the 1889-90 act.

As before indicated, appellants contend that the 1909 act is unconstitutional on the ground that it does not conform to the requirements of Art. II, § 19, of the state constitution. This provision of the constitution reads:

"No bill shall embrace more than one subject, and that shall be expressed in the title."

The title of chapter 90, Laws of 1909, reads as follows:

"AN ACT to amend section 32 of an act entitled 'An act to provide for laying out, establishing, altering, changing the width of, or vacating any county road, and providing for assessment, payment of damages, and providing for appeals,' approved March 7, 1890, and declaring an emergency."

The body of this act consists of two sections, the second of which declares the existence of an emergency. The first

section provides that § 32 of the act of March 7, 1890 (the title of the 1889-90 act then being quoted in full as it was in the title of the 1909 act) is amended to read as thereinafter set out. Section 32 of the 1889-90 act is then quoted in full, followed by the proviso in question.

Appellants assert that the 1909 act embraces more than one subject, because it deals not only with county roads, which was the only subject of the original form of § 32, but also with dedicated streets and alleys within or without the limits of incorporated cities or towns. Appellants also take the position that the subject of such dedicated streets and alleys is not expressed in the title of the 1909 act.

In so far as dedicated streets and alleys outside of incorporated cities and towns are concerned (and Indianapolis street falls in this category), these contentions are answered by our decisions, referred to above, holding that the term "county road" includes such streets and alleys. If that term includes dedicated streets and alleys outside of cities and towns, then the proviso, though limited to such streets and alleys, does not deal with a different subject, but rather with a part of the same subject.

Moreover, it may be observed that, if appellants were correct in their analysis, then § 32 of the 1889-90 act likewise would not conform to Art. II, § 19, of the constitution. This is true because the 1889-90 act, though not expressly referring to dedicated streets and alleys, has been construed as including them. But if § 32 of the 1889-90 act is unconstitutional for that reason, appellants have no case to begin with, for their sole reliance is upon the automatic vacation provisions of that section.

We are not called upon to decide, in the cases before us, whether the 1909 act conforms with Art. II, § 19, of the constitution, in so far as that act relates to dedicated streets and alleys within incorporated cities and towns.

In view of the conclusions we have reached on the merits of these cases, it is not necessary for us to consider respondent's contention that the matters here in controversy are *res judicata* by reason of the judgment entered in *Matthews*

*v. Parker*, 163 Wash. 10, 299 Pac. 354, which action involved this same Indianapolis street.

It should also be noted that the instant suits originally involved not only Indianapolis street, but also certain side streets which enter Indianapolis street from the north. However, during the argument before this court, counsel for appellants expressly waived any claims his clients had advanced respecting these side streets.

The judgments are affirmed.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

---

May 18, 1953. Petition for rehearing denied.