[No. 6370-4-III.  Division Three.  November 7, 1985.]

LARRY L. WELLS, *Appellant,* v. JERRY MILLER, ET AL, *Respondents.*

*Lewis B. Arnold,* for appellant.

*Frederick L. Stewart, McNally & Stewart,* and *Chris A. Montgomery,* for respondents.

McINTURFF, J.—Larry L. Wells appeals a summary judgment which quieted title in Jerry and Betty Miller to a vacated county road right of way. The principal issue is whether a claim of adverse possession commences when a county road is vacated by operation of law or when formally declared by county commissioners as vacated. We hold it commences when the road is vacated by operation of law.

In 1981, Larry L. Wells acquired title to lots 1, 2, 3 and 4 in block 2 of the Fairview Addition located in Stevens County. These lots abut what had been designated as Rail-

road Street, a county road dedicated in 1902 but never opened.

The Millers own property which, although in a different addition, abuts Railroad Street immediately across from and to the west of Mr. Wells' property. Since 1965, the family has used the disputed property as a driveway and parking area for motor vehicles. In 1968, the Millers cleared the brush, constructed a fence along the east line of the Railroad Street right of way, and built a garage which extended onto the right of way.

Because the street had not been developed since its dedication, the county commissioners passed a resolution in May 1982 vacating it as a matter of law. Mr. Wells then brought this action to quiet title in him to the road right of way. The Millers counterclaimed, alleging title by virtue of adverse possession. The Millers were granted summary judgment based upon adverse possession of the property for more than 10 years.

█ When reviewing a summary judgment, this court engages in the same inquiry as the trial court. *Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985). Summary judgment is proper only when the pleadings, depositions and admissions, as well as affidavits, present no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Hartley,* at 774.

First, we consider whether a claim of title to property by adverse possession commences when a county road is vacated by operation of law or when formally declared by county commissioners to have been vacated. Mr. Wells claims county property may not be adversely possessed and therefore no adverse possession could occur until the road was formally vacated in 1982. We disagree.

In March 1890, the Legislature passed the "non–user" statute which provided:

> Any county road, or part thereof, which has heretofore been or may hereafter be authorized, which remains unopened for public use for the space of five years after the order is made or authority granted for opening the

same, shall be and the same is hereby vacated, and the authority for building the same barred by lapse of time. Laws of 1889, ch. 19, § 32, p. 603.[1] The streets dedicated in platted tracts of land outside of cities and towns come within the purview of this statute. *Gillis v. King Cy.*, 42 Wn.2d 373, 375, 255 P.2d 546 (1953); *Burkhard v. Bowen*, 32 Wn.2d 613, 618, 203 P.2d 361 (1949); *Howell v. King Cy.*, 16 Wn.2d 557, 558, 134 P.2d 80, 150 A.L.R. 640 (1943); *Northwestern Indus., Inc. v. Seattle*, 33 Wn. App. 757, 760, 658 P.2d 24 (1983).

■ By this enactment, the Legislature fixed a statutory time limit within which the county was required to perform the condition of the grant. If the purpose of the grant was not accomplished within 5 years, "a reversion of the authority to construct a road would result." *Miller v. King Cy.*, 59 Wn.2d 601, 605, 369 P.2d 304 (1962). When the street has not been opened within that 5-year period, the right of abutting property owners to the vacated street vests by operation of law. *Gillis v. King Cy., supra* at 377; *see also Miller v. King Cy.*, at 605; *Turner v. Davisson*, 47 Wn.2d 375, 386, 287 P.2d 726 (1955); *Burkhard v. Bowen, supra* at 620; *Howell v. King Cy., supra* at 558. A "vested right" is the power to do certain acts or possess certain things lawfully, and is substantially a property right. The term connotes an immediate fixed right of present or future enjoyment. *Gillis v. King Cy., supra* at 377; *Adams v. Ernst*, 1 Wn.2d 254, 264–65, 95 P.2d 799 (1939). A vested right is "a title, legal or equitable, to the present or future enjoyment of property . . ." *Gillis*, at 377 (quoting 2 T. Cooley, *Constitutional Limitations* 749 (8th ed. 1927)). As in the instant case, a vacation by operation of law requires a judicial determination to establish it of record. Although a street is vacated by operation of law, as long as there is no

---

[1] This statute was amended in 1909 to exclude roads dedicated by plat and is now codified at RCW 36.87.090. The amendment is not retroactive to periods pertinent to this case. *Gillis v. King Cy.*, 42 Wn.2d 373, 377, 255 P.2d 546 (1953); *Northwestern Indus., Inc. v. Seattle*, 33 Wn. App. 757, 758 n.1, 658 P.2d 24 (1983).

formal vacation, a dedication of record is merely "a cloud on the owner's title, which may be removed by a vacation order of the board of county commissioners." *Turner,* at 384.

Here, the plat dedicating Railroad Street was filed April 16, 1902. As the street was not developed within 5 years, the dedicated property was vacated by operation of law in 1907. Since then, Mr. Wells' predecessors in interest had a vested right in this property, which was susceptible to adverse possession. The county commissioners' order vacating Railroad Street in 1982 merely established of record the vacation, which had occurred by operation of law in 1907. The order had no effect upon when title to property by adverse possession commences. Consequently, if indeed the Millers adversely possessed the property since 1965, they enjoy title to that property.

█ Did the Millers adversely possess the Railroad Street property? Possession of property for the statutory period (10 years) ripens into title only if the possession was (1) exclusive, (2) actual and uninterrupted, (3) open and notorious, and (4) hostile and under a claim of right made in good faith. *Peeples v. Port of Bellingham,* 93 Wn.2d 766, 772, 613 P.2d 1128 (1980), *overruled on other grounds in Chaplin v. Sanders,* 100 Wn.2d 853, 676 P.2d 431 (1984); *Heriot v. Smith,* 35 Wn. App. 496, 501, 668 P.2d 589 (1983); RCW 4.16.020. Hostility "'does not import enmity or ill–will, but rather imports that the claimant is in possession as owner, in contradistinction to holding in recognition of or subordination to the true owner.'" *Chaplin,* at 857–58 (quoting *King v. Bassindale,* 127 Wash. 189, 192, 220 P. 777 (1923)). The "'hostility/claim of right' element of adverse possession requires only that the claimant treat the land as his own as against the world throughout the statutory period." *Chaplin,* at 860–61. The nature of his possession will be determined solely on the basis of the manner in which he treats the property. *Chaplin,* at 861.

Mr. Wells' principal contention is that the Millers failed to possess the right of way in an adverse manner when they

rented property east of the right of way boundary. We disagree. The objective character of the Millers' possession of the right of way constituted adverse possession for at least a 10–year period. The Millers' uncontroverted affidavits established that they constructed a board fence along the eastern boundary of the right of way in 1968. From that time they used the property as their own as against the world. In 1974 the Millers rented separate property owned by Mr. Wells' predecessor in interest and separate and distinct from the property at issue. There was no indication they sought permissive use of the right of way property they had fenced 8 years earlier. Rather, during the rental period they continued to use the fenced property as their own. Consequently, we find the court properly held as a matter of law that the Millers adversely possessed the property for the required period.

The judgment of the Superior Court is affirmed.

GREEN, C.J., and MUNSON, J., concur.