65 P.3d 28 (2003)
116 Wash.App. 60
D.L. LEONARD and Bernadine Leonard, husband and wife, Respondents,
v.
PIERCE COUNTY and City of Lakewood, Appellants.
No. 27938-0-II.
Court of Appeals of Washington, Division 2.
March 4, 2003.
As Amended March 18, 2003.
*29 Daniel Brian Heid, Auburn, WA, for Appellant.
Robert Joseph Backstein, Attorney at Law, Marysville, WA, Jeffrey Paul Helsdon, Sloan Bobrick Oldfield & Helsdon PS, University Place, WA, for Respondent/Cross-Appellant.
Susan Paula Jensen, Pierce Co Pros Offc Civil Div., Tacoma, WA, for Amicus Curiae Pierce County.
BRIDGEWATER, J.
The City of Lakewood appeals summary judgment in favor of D.L. and Bernadine Leonard. The Leonards sued to quiet title to the portion of Beach Lane that abuts their property, arguing that the non-user statute, RCW 36.87.090, had vacated the road as a matter of law. Beach Lane was dedicated by plat in 1908. We hold that the non-user statute does not apply because, by the terms of the statute, it will not vacate an unopened road that was dedicated in a plat filed after 1904. The Leonards' theory that Beach Lane was a federal public road by common law dedication prior to statehood for the *30 transportation of logs, but was "unopened"[1] because it was not recorded in a county Road Book, therefore allowing the use of the non-user statute, lacks merit. There is no evidence of public use, only speculation. Furthermore, if the statute applied, the land would have reverted to the owner of the adjoining parcels, the Tacoma Land Company, which dedicated Beach Lane in the 1908 plat. We reverse.
Beach Lane lies within Lakewood's corporate limits, an area that was formerly unincorporated Pierce County. It extends from Lake Steilacoom Drive, northeasterly, to Steilacoom Lake, a body of fresh water. The Leonard's property abuts Beach Lane to the northwest and Steilacoom Lake to the northeast.
The Leonards' property is part of Rogers Lake Tracts, a plat filed with Pierce County in April 1925. The Rogers Lake Tracts plat was a re-plat of Lot 61, Block B, Townsite of Interlaaken. The Tacoma Land Company (TLC) filed the Interlaaken plat with Pierce County in March 1908, dedicating Beach Lane as a public right-of-way. TLC owned the surrounding property by a deed from 1900. The property was part of 6,000 acres including the townsite of Interlaaken, Beach Lane, and the adjoining parcels. TLC platted the townsite and owned all of the real property on the westerly side of Steilacoom Lake, including the land at issue here. There is no known evidence that Beach Lane was an official county road prior to its dedication as a public road in the 1908 plat. The first map to show Beach Lane as an identified road was that of the 1908 plat.
In 1853, a sawmill was erected and began operation at the north end of Steilacoom Lake. Prior to 1908, there were paths, logging trails, and traveled routes near Steilacoom Lake. Area residents used these paths to travel around and to access nearby lakes. A map believed to have been prepared by a surveyor prior to the filing of the 1908 plat shows such traveled routes around Steilacoom Lake.
Another map, believed to have been prepared before 1900, shows Pierce County roads in the vicinity of the lake in present-day Lakewood. That map also shows a bridge that crosses Steilacoom Lake. Another map dated December 1908 shows the presence of Beach Lane consistent with the map of the 1908 plat.
In June 1999, the Leonards sued to quiet title to the portion of Beach Lane that abuts their property. The portion of Beach Lane at issue is an unpaved section that has been relatively undeveloped for more than 90 years, although people have occasionally used it to access Steilacoom Lake. The Leonards argued that prior to 1908, Beach Lane served as a logging road and was used by the public. The trial court ruled that Beach Lane existed as a road before the 1908 plat and was never opened, thereby vacating it under the non-user statute.

I. Standard of Review
Summary judgment is appropriate only if there is no issue of material fact and the moving party is entitled to judgment as a matter of law.[2] We review summary judgment de novo,[3] viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party.[4] When the moving party meets his initial burden of showing the absence of an issue of material fact, the burden shifts to the nonmoving party to show the existence of an element essential to that party's case.[5]

II. Non-User Statute
The non-user statute provides:
Any county road, or part thereof, which remains unopen for public use for a period of five years after the order is made or authority granted for opening it, shall be thereby vacated, and the authority for *31 building it barred by lapse of time: PROVIDED, That this section shall not apply to any highway, road, street, alley, or other public place dedicated as such in any plat, whether the land included in such plat is within or without the limits of an incorporated city or town, or to any land conveyed by deed to the state or to any county, city or town for highways, roads, streets, alleys, or other public places.[6]
In short, the non-user statute "vacates" any county road not opened for public use within five years of the order or authority for opening it. But the statute's proviso exempts streets dedicated in a plat from such a non-user vacation. On vacation of a road, title reverts to the abutting property owners.[7]
A. RETROACTIVITY OF PROSIVO
When enacted, the non-user statute did not include the proviso exempting dedicated roads, which the Legislature added in 1909.[8] A statute cannot have a retroactive effect if it would interfere with vested rights.[9] Thus, where a county road has been dedicated and unopened for five years prior to the 1909 proviso, the right of abutting property owners to the vacated road has vested and is unaffected by the proviso.[10] But if the five-year period had not run by the time of the 1909 proviso, the abutting property owner did not have a vested right and the proviso saved the unopened road from vacation.[11]
Here, TLC filed the plat dedicating Beach Lane in 1908, less than five years before the 1909 proviso. Therefore, the non-user statute could not have vacated Beach Lane because the five-year period had not run and the abutting owners' rights did not vest.
B. RE-DEDICATION OF A VACATED COUNTY ROAD
The Leonards also argue that the route was a federal public road[12] by common law dedication[13] prior to statehood for the transportation of logs, but it was "unopened" because it was not recorded in the Pierce County "road book,"[14] therefore allowing the use of the non-user statute.
But the Leonards failed to present any evidence of public use, only speculation. Speculation and argumentative assertions will not establish genuine issues of material fact.[15] Thus, the Leonards' theory that the road must have been dedicated as a road because logging was the main industry and a mill was at the other end of the lake does not comply with CR 56 because there is no evidence supporting the facts of public use.
But even assuming that the non-user statute vacated Beach Lane, i.e., that (1) Beach Lane was a "county" road; (2) authority was granted to open Beach Lane in time to allow for a non-user vacation; and (3) Beach Lane was never opened for public use, then Beach Lane would have reverted to the abutting owner. Thus, under the Leonards' theory, TLC would have become the owner by vacation. Here, the abutting owner, TLC, ultimately filed the 1908 plat, dedicating Beach Lane as a public right-of-way.
There is nothing in the statute that bars re-dedication of a previously vacated road.[16] Rather, common sense dictates that the "bar" applies only to the order or authority *32 for opening a county road to public use.[17] Furthermore, "[t]he intent of the Legislature in passing the non[-]user statute was to govern county authority over county roads[,]"[18] not to preclude the dedication of private lands for public roads. Finally, on vacation of a road, title reverts to the abutting property owners; in this case TLC would have become the owner and could re-dedicate Beach Lane, just as it did, regardless of how it re-obtained the property.
Thus, despite what might have transpired before TLC filed the 1908 plat, the five-year period could not have run before the 1909 proviso, which saved Beach Lane from a non-user vacation.

III. Cross-Appeal
The Leonards cross-appeal, arguing that the trial court erred in denying their motion to strike portions of Lakewood's declarations. But the parties' Joint Statement of Evidence is sufficient for this court to decide the summary judgment issue. Therefore, it is irrelevant whether the trial court erred in failing to strike portions of Lakewood's declarations because they are not part of the Joint Statement of Facts.
Reversed.
We concur: HOUGHTON, P.J., and ARMSTRONG, J.
NOTES
[1] Br. of Resp't at 31.
[2] CR 56(c).
[3] Green v. A.P.C., 136 Wash.2d 87, 94, 960 P.2d 912 (1998).
[4] Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982).
[5] Young v. Key Pharm., Inc., 112 Wash.2d 216, 225-26, 770 P.2d 182 (1989).
[6] RCW 36.87.090 (emphasis added).
[7] Woehler v. George, 65 Wash.2d 519, 524, 398 P.2d 167 (1965).
[8] See Gillis v. King County, 42 Wash.2d 373, 375-77, 255 P.2d 546 (1953).
[9] Gillis, 42 Wash.2d at 376, 255 P.2d 546.
[10] Gillis, 42 Wash.2d at 377, 255 P.2d 546.
[11] Gillis, 42 Wash.2d at 377-82, 255 P.2d 546.
[12] See 43 U.S.C. § 932 ("The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted.") (repealed 1976).
[13] See Roundtree v. Hutchinson, 57 Wash. 414, 415-16, 107 P. 345 (1910) (discussing common law dedication).
[14] See Town of Sumner v. Peebles, 5 Wash. 471, 473-75, 32 P. 221 (1893).
[15] Seven Gables Corp. v. MGM/UA Ent'mt Co., 106 Wash.2d 1, 13, 721 P.2d 1 (1986); see also CR 56(e).
[16] Respondents admitted in oral argument that a re-dedication could occur.
[17] Cf. Miller v. King County, 59 Wash.2d 601, 604-05, 369 P.2d 304 (1962) (The statute provided "an incentive to landowners to grant areas for public roads, with the assurance that, if the purpose of the grant was not accomplished within five years, a reversion of the authority to construct a road would result." (citing Murphy v. King County, 45 Wash. 587, 88 P. 1115 (1907))).
[18] N. W. Indus., Inc. v. City of Seattle, 33 Wash. App. 757, 759, 658 P.2d 24 (1983).