IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOHN ROBINETT PENSION PLAN & TRUST, a Washington trust, | No. 77380-1-I |
| Plaintiff/Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CITY OF SNOHOMISH, a Washington municipality; and BICKFORD INVESTMENTS, LLC, a Washington limited liability company, | |
| Defendants/Respondents. | FILED: November 5, 2018 |

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2018 NOV -5 AM 9: 29

CHUN, J. — John Robinett Pension Plan & Trust (the Trust) appeals the denial of its CR 60(b)(3) motion. Because the Trust offers evidence that is neither newly discovered as required by law, nor relevant, we affirm.

I.
BACKGROUND

The Trust and Bickford Investments, LLC (Bickford) each own a parcel of property in the City of Snohomish (the City). A 70-foot public right-of-way separates the two parcels. The City dedicated the right-of-way as High Street in 1890.

In 2012, the Trust filed a quiet title action under Washington's "nonuse statute" against the City and Bickford. Under the nonuse statute, if a city does not open a road within five years of its dedication, the road reverts in equal

shares to the property owners abutting the road.[1] The Trust claimed the City did not open the portion of High Street abutting the Trust's and Bickford's properties for public use within five years of its dedication. As such, the Trust claimed the road had reverted in equal shares to the predecessors of the Trust and Bickford.

After hearing cross-motions for summary judgment, the trial court granted summary judgment in favor of the City and Bickford on November 16, 2016. The court ruled, first, the Trust had not established an essential element of its nonuse claim; and, second, the doctrine of laches barred the claim.

The Trust appealed the trial court's summary judgment ruling.[2]

In May 2017, while preparing its reply brief on appeal, the Trust discovered agreed findings of fact, conclusions of law, and a final order entered on February 11, 2005, in Fischer Bickford, LLC v. City of Snohomish, Snohomish County Cause No. 04-2-14360-6 (the 2005 Case). The plaintiff in the 2005 Case brought a lawsuit under the nonuse statute against the City and an unrelated defendant. In the 2005 Case, the plaintiff's property abutted several streets, including a different portion of High Street,[3] which the trial court referred to as the "Unopened Streets." In the agreed findings of fact, the trial court stated "[t]he City of Snohomish has never opened the Unopened Streets as public roads." In the final order, the trial court vacated and reverted to the plaintiff only "the North

---

[1] Laws of 1889, ch. 19, § 32, p. 603, see Wells v. Miller, 42 Wn. App. 94, 96–97, 708 P.2d 1223 (1985).

[2] This court affirmed the trial court's summary judgment order on January 16, 2018.

[3] The portion of High Street abutting the plaintiff's property in the 2005 Case is on Block 27 and approximately three blocks east from the portion abutting the Trust's property, which is on Block 30.

half of High Street that abuts Block 27."

In light of this discovery, on May 15, 2017, the Trust moved to vacate the summary judgment order under CR 60(b)(3). The Trust claimed the agreed findings of fact proved the City conceded it had not opened High Street between 1890 and 1895, the years relevant to the Trust's nonuse claim.

In its response to the CR 60(b) motion, the City and Bickford argued the evidence from the 2005 Case was a matter of public record and, therefore, did not meet the legal standard for newly-discovered evidence. They further argued the evidence was irrelevant because it concerned a different portion of High Street.

The trial court denied the Trust's CR 60(b)(3) motion on August 10, 2017. The court "determined that the evidence was not newly discovered as required by law, and in any event is not relevant or probative to change the Court's previous order."

The Trust appeals.

## II.
## ANALYSIS

The Trust asserts the evidence from the 2005 Case is newly-discovered evidence addressing the critical issue in this case. The City and Bickford reassert their arguments from below that the evidence was neither newly discovered, nor relevant. We agree with the City and Bickford.

Appellate courts "review the trial court's decision on a CR 60(b) motion for an abuse of discretion." Vance v. Offices of Thurston Cty. Comm'rs, 117 Wn.

3

App. 660, 671, 71 P.3d 680 (2003). A court abuses its discretion if it makes a decision that is manifestly unreasonable or based on untenable grounds. Vance, 117 Wn. App. at 671.

Under CR 60(b)(3), "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" if a party finds "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b)." To vacate a judgment under CR 60(b)(3), a party must demonstrate "the evidence (1) would probably change the result if a new trial were granted, (2) was discovered since trial, (3) could not have been discovered before the trial by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching." Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380 (2013). Parties may not merely allege they acted diligently, but must explain why they did not discover the evidence previously. Vance, 117 Wn. App. at 671.

Newly-discovered evidence does not include public records, which "are at all times within reach of the complaining party, and it is because of lack of diligence if [a party] fails to discover them." Starwich v. Ernst, 100 Wn. 198, 207, 170 P. 584 (1918); see also In re Hammer's Estate, 145 Wn. 322, 326, 260 P.3d 680 (1927) (stating courts follow the rule announced in Starwich that public records are not newly-discovered evidence).

The Trust concedes the documents from the 2005 Case are public records. Instead of explaining why it failed to discover these public records, the Trust merely asserts in a conclusory fashion, without citing any legal authority,

4

that this court "should take judicial notice that discovery of the 2005 Superior Court case containing judicial admissions was not discoverable through reasonable due diligence." The Trust fails to make any showing of diligence or explain why it did not discover the records earlier. As such, the trial court did not abuse its discretion in concluding the public records were not newly discovered.

Furthermore, the Trust cannot make the required showing that the evidence would change the result of the prior proceeding. While the Trust asserted the pleadings from the 2005 Case concerned "identical facts and legal issues," the record suggests otherwise. As the City and Bickford indicate, the portion of High Street at issue in the 2005 Case was blocks from the portion of High Street at issue in this case. Moreover, the Trust does not argue on appeal that the evidence affects the City and Bickford's successful laches defense. Because the Trust failed to prove the evidence warranted relief from judgment, the trial court did not abuse its discretion in denying the Trust's motion.

Accordingly, we affirm.

Chun, J.

WE CONCUR:

Andrus, J.

Becker, J.

5