**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**MAY 18, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| HAROLD MESSERSMITH, and LISA R. BRYANT, husband and wife, | ) ) ) | No. 38906-5-III |
| Respondents, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| TOWN OF ROCKFORD, | ) ) | |
| Appellant. | ) | |

SIDDOWAY, J. — The town of Rockford appeals a summary judgment entered in favor of Harold Messersmith and Lisa Bryant, which quieted title to allegedly undeveloped roads and an alleyway dedicated by a plat for Waltman's Addition recorded in 1889. Mr. Messersmith and Ms. Bryant relied on the terms of Washington's nonuser statute as it existed between 1890 and 1909 to argue that the roads, having gone unopened for public use for more than five years, had reverted to their predecessor in interest.

The nonuser statute imposes a time limit for opening only county roads. The roads and alleyway in Waltman's Addition ceased to be subject to the nonuser statute in 1890 when the town of Rockford was incorporated and Waltman's Addition was annexed

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38906-5-III
*Messersmith v. Town of Rockford*

and became part of the town. We reverse the judgment in the plaintiffs' favor and remand with directions to enter judgment in favor of the town of Rockford.

FACTS AND PROCEDURAL BACKGROUND

In August 2019, Harold Messersmith and his wife Lisa Bryant acquired title to the property commonly referred to as 442 East Lee Street in the town of Rockford. They later discovered that portions of their property, which included the 16 lots in block 14 of Waltman's Addition, had been dedicated as part of Emma Street, Center Avenue, and an alleyway by the original plat for the addition. It had been recorded with the Spokane County auditor in June 1889. Emma Street, Center Avenue, and the alleyway had never been developed as roads and, according to Mr. Messersmith, the couple's predecessors had developed the land on which the roads were to have been located, installing permanent fixtures, including fences, corrals, gardens, and sheds. Mr. Messersmith and Ms. Bryant brought the action below to quiet title to the strips of land that fell within the platted roads and alleyway.

It is undisputed that when the plat of Waltman's Addition was recorded in June 1889, the platted property was located in unincorporated Spokane County. One year later, in June 1890, the town of Rockford incorporated, and Waltman's Addition was annexed into Rockford. That same year, the state legislature passed the nonuser statute, now codified at RCW 36.87.090. It provided:

2

No. 38906-5-III
*Messersmith v. Town of Rockford*

> Any county road, or part thereof, which has heretofore been or may hereafter be authorized, which remains unopened for public use for the space of five years after the order is made or authority granted for opening the same, shall be and the same is hereby vacated, and the authority for building the same barred by lapse of time.

LAWS OF 1889-90, ch. 19, § 32.

Mr. Messersmith and Ms. Bryant moved for summary judgment, relying on declarations from a former owner of the property, Mr. Messersmith, the couple's lawyer, and a land surveyor, attesting that to their knowledge the roads and alleyway had never been opened for public use. Anticipating that the town of Rockford would contend that the automatic vacation feature of the 1890 statute was eliminated by legislative amendment in 1909,[1] the plaintiffs argued in their summary judgment briefing that the change was irrelevant, since the roadways and alley would have automatically been vacated and reverted to their predecessor before the 1909 amendment.

The town responded with different arguments, however. In its own motion for summary judgment, it argued that when Waltman's Addition was annexed in 1890, its platted roads were removed from the operation of the nonuser statute. It also submitted a declaration from Heidi Johnson, the town clerk and treasurer, asserting that the roads and alleyway *had* been open for public use, creating a disputed issue of fact requiring trial.

---

[1] The 1909 amendment provided that the statute did not apply to "any highway, street, alley or public place dedicated as such in any plat, whether the land . . . be within or without the limits of any incorporated city or town, nor to any land conveyed by deed to the state or to any town, city or county for roads, streets, alleys or other public places." LAWS OF 1909, ch. 90, § 1, *recodified as* RCW 36.87.090.

3

No. 38906-5-III
*Messersmith v. Town of Rockford*

The trial court granted summary judgment to Mr. Messersmith and Ms. Bryant, resting its decision on the fact that the subject properties "were not opened for public use within the statutorily required five (5) year period to avoid automatic vacation." Clerk's Papers (CP) at 135. The town of Rockford appeals.

ANALYSIS

The town of Rockford continues to advance both arguments presented to the trial court. It is supported in its argument that the nonuser statute applies to only "county" roads by amicus curiae, the Washington State Association of Municipal Attorneys. The legal argument that the nonuser statute does not apply proves dispositive.

Summary judgment orders are reviewed de novo, with this court engaging in the same inquiry as the trial court. *Lee v. State*, 185 Wn.2d 608, 614, 374 P.3d 157 (2016). Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Construction of a statute is a question of law that we review de novo. *Lee*, 185 Wn.2d at 614.

The issue of whether the nonuser statute operates to automatically vacate unopened roads that fall within a city or town has been touched on in several Washington decisions. In a controlling decision by our Supreme Court, *Brokaw v. Town of Stanwood*, 79 Wash. 322, 140 P. 358 (1914), the Brokaws sought to enjoin the town of Stanwood from taking possession of, and improving for street use, a 16.5 by 280 foot strip of land along the south border of their property. The strip fell within the boundary of "Rainier

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38906-5-III
*Messersmith v. Town of Rockford*

Street" as platted and dedicated on a plat recorded with the Snohomish County auditor in July 1891. *Id.* at 323. The Brokaws contended that the nonuser statute adopted in 1890 supported their claim to the land because up until the time they acquired the property in 1902, and thereafter, the town of Stanwood had never used it as a public street. *Id.* at 324. Alternatively, they claimed to have acquired title by adverse possession. *Id.* at 326-27.

In ruling in favor of the town, the Supreme Court first reasoned that for the period from the 1891 recording of the plat until the Brokaws acquired the property in 1902, no evidence was presented that Rainier Street *was not* opened for public use:

> For aught that appears in this record, . . . Rainier street, along in front of respondents' lots, may have, during this entire period, been actually physically open for public use, unobstructed, unenclosed and, by nature, well suited for ordinary travel by such means as are in common use upon public highways.

*Id.* at 325. The court also set a low bar for proving a road opened, holding that "[t]he public is not, under all circumstances, obliged to take physical possession of public highways whether they have been acquired by dedication or otherwise, in order to preserve its rights therein." *Id.* at 326.

Turning to the issue relevant to the present case, the court held it "manifest" that once the town of Stanwood was incorporated in 1903, the Brokaws had no argument:

5

No. 38906-5-III
*Messersmith v. Town of Rockford*

> That incorporation brought the street within the corporate limits of the
> town, thereby exempting it from the further operation of the law of 1890
> above quoted. It was, thereafter, no longer subject to vacation or to being
> lost to the public by the operation of that statute, since that statute had no
> application to streets within cities and towns.

*Id.* at 327.

Mr. Messersmith and Ms. Bryant seek to avoid the plain import of this passage by arguing that it was dictum. We disagree. "'[D]icta' is 'language not necessary to the decision in a particular case.'" *ADCI Corp. v. Nguyen*, 16 Wn. App. 2d 77, 86, 479 P.3d 1175 (2021) (quoting *In re Marriage of Roth*, 72 Wn. App. 566, 570, 865 P.2d 43 (1994)). The passage in *Brokaw* was not unnecessary; it supplied a second reason why the Brokaws' claim could not succeed. "'[W]here a decision rests on two or more grounds, none can be relegated to the category of *obiter dictum*.'" *State v. White*, 135 Wn.2d 761, 767 n.3, 958 P.2d 982 (1998) (alterations in original) (quoting *Woods v. Interstate Realty Co.*, 337 U.S. 535, 537, 69 S. Ct. 1235, 93 L. Ed. 1524 (1949)).

In any event, *Brokaw* is supported by other reported Washington cases. In holding that the nonuser statute ceased to operate once Rainier Street fell within the town of Stanwood's corporate limits, *Brokaw* cited as support the court's 1907 decision in *Murphy v. King County*, 45 Wash. 587, 88 P. 1115. *Brokaw*, 79 Wash. at 324-25. That opinion held that the nonuser statute *had* operated to automatically vacate unopened roads dedicated by a plat of land located in unincorporated King County, observing that the nonuser statute applied only to county roads:

6

No. 38906-5-III
*Messersmith v. Town of Rockford*

> There may be strong and controlling reasons why a street in a city or town should not be deemed vacated after the lapse of five years, unless open to public travel within that time, but on the other hand we see no plausible reason why the right of a board of county commissioners to open a public highway should continue forever . . . .
>
> We will add, in conclusion that [the nonuser statute] applies only to roads and highways under the control and supervision of the boards of county commissioners of the respective counties, and this decision in no manner conflicts with the decision in [*Town of*] *West Seattle v. West Seattle* [*Land &* ] *Imp*[*rovement*] *Co.*, 38 Wash. 359, 80 P[.] 549 [1905], and other cases in this court where streets and alleys in incorporated cities and towns were involved.

*Murphy*, 45 Wash. at 593.

Finally, this court held that *Brokaw* correctly stated the law on this score in

*Northwestern Industries, Inc. v. City of Seattle*, 33 Wn. App. 757, 761, 658 P.2d 24

(1983). Northwestern had filed suit to quiet title to a strip of land running between two

parcels of its property; the strip had been dedicated as an avenue by a plat filed in King

County in 1890. *Id.* at 758. In 1891, the area was annexed to the city of Seattle. *Id.* In

seeking to quiet title, Northwestern evidently argued, as Mr. Messersmith and Ms. Bryant

do, that the Supreme Court's discussion in *Brokaw* about the nonuser statute not applying

to streets within cities and towns was dictum. *Id.* at 761.

This court disagreed. It pointed out that the nonuser statute was enacted as part of

an act "Relating to County Roads." *Id.* at 759. Absent a "clear and unambiguous"

legislative directive, it refused to read the state law as interfering with the rules and

ordinances of a city. *Id.* at 759-60. It likewise refused to construe the nonuser statute as

7

No. 38906-5-III
*Messersmith v. Town of Rockford*

creating a vested right of reversion in the landowner, should a public road not be opened in five years. *Id.* at 760.

Mr. Messersmith and Ms. Bryant argue that *Northwestern* held only that the court would not construe the nonuser statute "'to interfere with the power of a <u>first-class city</u> such as Seattle over its own streets.'" Resp'ts' Br. at 7 (alteration in original) (quoting *Northwestern*, 33 Wn. App. at 759-60). While Seattle is a first-class city and the quoted language appears in the opinion, the court's holding was unrelated to Seattle's status as a first-class city. The basis for reversal was the fact that within one year of the plat being recorded, the property "pass[ed] . . . out of county control and therefore out of the reach of the statute's operation." *Id.* at 760. Elsewhere, addressing Northwestern's argument that the court should disregard *Brokaw*'s statement "that incorporation of the Town of Stanwood tolled the operation of the nonuser statute," the court held that even if the statement could be characterized as dictum, "our analysis of the statute shows that the court there made a correct statement of the law," and "[t]he trial court did not err in following it." *Id.* at 761.

The plain language of the nonuser statute as it existed at relevant times limits its application to "county" roads. LAWS OF 1889-90, ch. 19, § 32. It ceased to apply to the roads in Waltman's Addition in June 1890, when the town of Rockford incorporated and Waltman's Addition was annexed into and became part of the town. We reverse the

8

No. 38906-5-III
*Messersmith v. Town of Rockford*

summary judgment in favor of the plaintiffs and remand with directions to enter

judgment in favor of the town of Rockford.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.